[No. 2380]

# IN THE MATTER OF THE DETERMINATION OF THE RELATIVE RIGHTS TO THE WATERS OF BARBER CREEK AND ITS TRIBUTARIES IN DOUGLAS COUNTY, NEVADA.

## EUGENE SCOSSA, APPELLANT, *v.* CLARISSA CHURCH AND BARBER ESTATE, RESPONDENTS.

[187 Pac. 1004]

1. JUDGMENT—DECREE OF DISTRICT COURT ON EXCEPTIONS TO DETERMINATION OF STATE ENGINEER DETERMINING WATER RIGHTS TOO INDEFINITE.

In proceedings for the determination of water rights initiated before the state engineer pursuant to the water law, decree of the district court, on exceptions, pursuant to section 35, as amended by Stats. 1915, c. 253, to the determination of the engineer, reading that the court had reviewed all the proof and the facts and the relative determinations by the engineer, and had reached conclusions on the law and facts coincident with the determination of the engineer, and directing decree affirming his order of determination, despite section 36, as amended by Stats. 1915, c. 253, *held* in no sense a decree which in a water case should be as definite as language can make it and should dispose of each issue raised by the exceptions to the determination of the state engineer.

2. WATERS AND WATERCOURSES—FINDINGS OF STATE ENGINEER IN DETERMINING WATER RIGHTS ENTITLED TO RESPECT, BUT NOT SUPERSEDING POWER OF COURT.

In proceedings for the determination of water rights pursuant to the water law, the ultimate findings of the state engineer are entitled to great respect, but do not take from the district court on exceptions the power to grant relief to a party whose rights may have been infringed by the engineer.

3. APPEAL AND ERROR—AUTHENTICATION OF RECORD SOLELY BY CLERK OF DISTRICT COURT NOT SUFFICIENT.

On appeal from decree of the district court affirming an order of the state engineer determining water rights, the certificate of the clerk of the district court attached to the original documents, files, and records in the original proceeding indicates only prima facie correctness, and by analogy to a record certified by an official reporter it must be authenticated by the court or judge to be made a part of the record, in view of Stats. 1915, c. 142.

APPEAL from First Judicial District Court, Douglas County; *Frank P. Langan,* Judge.

In the Matter of the Determination of the Relative Rights to the Waters of Barber Creek and its Tributaries

in Douglas County, between Eugene Scossa and Clarissa Church and the Barber Estate. From a decree affirming the determination of the State Engineer, Scossa appeals. **Cause remitted to the district court, which is directed to reopen the case to make findings and enter decree.** Coleman, C. J., dissenting.

*Chartz & Chartz,* for Appellant:

As a matter of law, the contestant is entitled to all the water developed and conserved by him and his predecessors. He has a prescriptive right, besides, to all said waters diverted at point C, to the extent that he can beneficially use the same. The issues decided by the state engineer, and confirmed, approved and affirmed by the district court, were adjudicated in the former suit and are res adjudicata. The state engineer had no jurisdiction over the subject-matter of the action. His findings and determination of the relative rights of the parties to the waters in dispute are contrary to the evidence, and contrary to law.

*Platt & Sanford,* for Respondents:

Determination of the state engineer and its affirmance by the district court is amply sustained by the judgment roll; and if this court is of the opinion that questions of evidence and proof of alleged errors upon the hearing and trial should be considered, the order of determination and judgment should be affirmed.

This court can consider the judgment roll only, which consists of such documents and papers as are required by statute. Rev. Laws, 5273. "Where the appeal is from the judgment alone, the question of sufficiency of the evidence to sustain the findings will not be considered." State v. Northern Belle M. & M. Co., 15 Nev. 385; Reinhart v. Co. D, 23 Nev. 369; Peers v. Reed, 23 Nev. 404.

"A finding of fact in an equity suit, supported by the evidence, is conclusive on the supreme court." Costello

v. Scott, 30 Nev. 1. There is ample evidence to support both the determination by the state engineer and the decree of the court affirming said determination.

By the Court, SANDERS, J.:

This cause was tried in the district court on exceptions duly taken by Eugene Scossa to the order of determination of the state engineer purporting to adjudicate and to establish the rights to the use of the waters of Barber Creek and its tributaries in Douglas County.

When proceedings before the state engineer in the administration of the water law (Stats. 1913, c. 140) in all its phases has reached the district court for adjudication, the practice therein is not clearly defined. The record in this case furnishes an opportunity to express our views on the subject.

The water law as a governing instrument to be effectual must relate to courts as well as to persons charged with its practical administration. Prior to the amendments, the water law pictured the state engineer as a sort of Gargantua ready to swallow up courts, streams, and stream-systems. The amendments of 1915 (Stats. 1915, c. 253) are designed to avoid the unconstitutionality of administrative adjudications of water rights by the state engineer. Notwithstanding the decision of this court in the case of Vineyard L. & S. Co. v. District Court, 42 Nev. 28, 171 Pac. 166, an impression prevails, evidently shared in by the state engineer, the court, and counsel in this case, that the hand that drafted the amendments to the water law did not succeed in depriving the state engineer of his capacity to supersede the authority of courts. This is evidenced by the order of determination of the state engineer and a document filed in this cause erroneously indorsed, treated and styled "decree." The court, in disposing of the issues raised by the several exceptions taken by Scossa to the order of the state engineer, seven in number, adopting its own language, states:

"This court has reviewed carefully all the proof submitted and all the facts relating to the water rights of Barber Creek and tributaries and the relative determinations made in the matter by the state engineer. The conclusions reached by this court upon the law and facts coincide with the relative determinations made and entered by the state engineer of Nevada. Decree will therefore be entered confirming, approving, and affirming the relative determination and as amended and modified by the supplemental order of determination as made by the state engineer of Nevada and filed in this court.

"The further decree of this court will be entered providing that each party pay his own costs in said matter."

1, 2. This is the decree we are called upon to affirm or reject. It is in no sense a decree. A decree in a water case, above all others, should be as definite as language can make it. Certainty in its terms, positiveness in its requirements, justice in its conclusions, is its sole purpose. By virtue of section 35 of the water law as amended, a party in interest who is aggrieved or dissatisfied with the order of determination of the state engineer may invoke the equity jurisdiction of the court for affirmative relief through exceptions taken to the order. The proceedings thereunder shall be as nearly as may be in accordance with the rules governing civil actions. The statute prescribes the pleadings, the evidence is assembled, and the exceptions are compiled from the entire record of the proceedings before the state engineer. We are of the opinion that the most important rule of the civil practice act (Rev. Laws, 4943–6225) that may consistently be applied in disposing of the exceptions is that it is incumbent upon and necessary for the court to make and cause to be entered its findings upon each separate exception, draw its conclusions therefrom, and render and cause to be entered a decree that finally and effectually disposes of each issue

raised by the exceptions. It is made the duty of the court to dispose of the exceptions. They can be disposed of in but one way, and that is by specific findings. If the court is privileged to escape this duty by simply affirming or modifying the order of the state engineer, then the order must be taken and accepted by the court as an administrative adjudication of water rights binding and conclusive upon the court. It is true the statute (section 36 as amended) provides:

"After the hearing, the court shall enter a decree affirming or modifying the order of the state engineer."

Taken literally, this provision amounts to a legislative mandate that the order of the state engineer ousts the court of jurisdiction to administer the statute or to adjudicate disputes based upon rights vested or rights acquired under the statute. It would be incongruous for the legislature to afford affirmative relief to an aggrieved party in interest from an impracticable, illogical, and unjust order or finding of the state engineer and to say that courts are without power to reject the order and may only send the same back to the state engineer for modification. While the ultimate findings of the state engineer are entitled to great respect, and in practice are not often disputed, they do not take from the court the power to grant relief to a party whose rights the state engineer may have infringed. It is just as essential for courts to make findings and draw their conclusions upon issues joined on exceptions taken to an order of the state engineer and enter a decree as final and affective as in other civil cases. In this instance the trial court made no findings, entered no decree; hence the record presents no question for decision in this court.

3. We are further of the opinion that the record on this appeal is not properly authenticated. The certificate of the clerk of the court of Douglas County attached to the original documents, files, and records in the entire proceeding indicates only prima facie correctness. By

analogy to a record certified by an official reporter, it must be authenticated by the court or judge to be made a part of the record. Stats. 1915, p. 164.

Entertaining these views, the order will be that the record in this cause be sent back to the clerk of the district court of Douglas County, and the court directed to reopen the case for the purpose only of making find-ings and to enter a decree.

COLEMAN, C. J., dissenting:

I dissent from the order. The parties have treated the order of the lower court as a general finding and a decree in favor of the respondents, and no question is raised by respondents as to it not being a final judgment from which an appeal might be taken. The waters in dispute are being distributed to respondents. If appellant has any rights in the waters in question, they ought to be established without delay. I am satisfied that we can decide the merits of this matter upon the order appealed from, and I think we should do so.

Furthermore, I know of no authority for the entry of such an order.