[No. 2488]

# ROBERT E. VICKERS, APPELLANT, *v.* VICTORIA T. VICKERS, RESPONDENT.

[199 Pac. 76, 79 ; 202 Pac. 31]

1. HUSBAND AND WIFE—WIFE, IF AT FAULT, NOT ENTITLED TO SEPARATE MAINTENANCE ; "DESERTION."

Under Stats. 1913, c. 97, as to separate maintenance, a wife can obtain separate maintenance only if she is not at fault, for if she were at fault she would have no ground of divorce nor could she show desertion, since "desertion" consists in the voluntary separation of one spouse from the other without the latter's consent and without justification.

2. DIVORCE—REPLY HELD NOT TO PRESENT ISSUE.

Where the answer in a divorce action pleaded res judicata, and stated the facts relied on for such defense, a reply admitting the facts, but denying their effect as res judicata, *held* to present no triable issue of fact.

3. JUDGMENT—PRIOR DECISION, IN OTHER STATE IN SUIT FOR SEPARATE MAINTENANCE, THAT WIFE WAS NOT GUILTY OF CRUELTY, HELD RES JUDICATA IN DIVORCE SUIT.

In husband's suit for divorce for cruelty, a prior decision, in a suit in another state by the wife for separate maintenance, that the wife was not guilty of cruelty, was res judicata as to the issue of cruelty, where the identical matters were relied on in both suits to establish the wife's cruelty.

## ON PETITION FOR REHEARING

1. APPEAL AND ERROR—MATTERS URGED FIRST TIME ON PETITION FOR REHEARING NOT CONSIDERED.

Matters will not be considered by the supreme court where urged for the first time on petition for rehearing.

2. JUDGMENT—ISSUE CANNOT BE FURTHER LITIGATED IN SUBSEQUENT SUIT BETWEEN SAME PARTIES INVOLVING DIFFERENT CAUSE OF ACTION.

A question of fact, distinctly put in issue and determined by a court of competent jurisdiction as a ground of recovery or defense, is conclusively settled by the final judgment or decree therein, so that it cannot be further litigated in a subsequent suit between the same parties or their privies, where a proper plea is interposed, whether the second suit be for the same or a different cause of action.

3. JUDGMENT—MEANING OF "CAUSE OF ACTION."

The term "cause of action" means merely an averment of facts sufficient to justify a court in rendering a judgment.

APPEAL from Second Judicial District Court, Washoe County; *Edward F. Lunsford,* Judge.

Divorce suit by Robert E. Vickers against Victoria T. Vickers. From a judgment for defendant, plaintiff appeals. **Affirmed. Petition for rehearing denied.**

*H. V. Morehouse, James Glynn,* and *Platt & Sanford,* for Appellant:

It was erroneous to grant the motion for judgment on the pleadings. The judgment should be vacated. Under the pleadings, res judicata is no defense to the action. Judgment on the pleadings cannot be granted when they raise an issue to be tried, or which requires any evidence. Phoenix v. Bijelich, 30 Nev. 269; Walling v. Brown, 72 Pac. 960; Idaho Placer M. Co. v. Green, 96 Pac. 161; 11 Ency. Pl. & Pr. 1046.

Exhibits referred to in pleadings, or on which the action or pleading is founded, form no part of the pleading or record. Fitch v. Cornell, Fed. Cas. No. 4834; Oh Chow v. Hastell, Fed. Cas. No. 10469; Hooker v. Gallagher, 6 Fla. 351; Pearsons v. Lee, 2 Ill. 193; Thompson v. Kimball, 55 Ill. App. 249; Blackwell v. Reid, 41 Miss. 102; Wharton v. Wilson, 60 Ind. 591; Jones v. Levi, 72 Ind. 586.

The judgment pleaded in the answer is not before the court, and it is not res judicata, because the causes of action are not the same, nor is any issue in the two actions the same. "The true test is identity of issues." 23 Cyc. 1300; Black on Judgments, secs. 506, 610, 623. "In all cases it should appear that the first judgment determined the actual question at issue between the parties, and that the precise question was raised and determined in the second suit." 15 R. C. L. 450; Bank v. School District, 25 Fed. 629; Cromwell v. County of Sac, 94 U. S. 351; Hooper v. Hooper, 80 S. E. 64.

An action for maintenance is independent of an action for divorce. Fahey v. Fahey, 96 Pac. 251; Popejoy v. Popejoy, 55 Pac. 1083; Hanscom v. Hanscom, 39 Pac. 885; Dye v. Dye, 48 Pac. 313. This is so, whether

the suit is one in equity or under a statute. State v. Superior Court, 104 Pac. 771; Almond v. Almond, 4 Rand. (Va.) 662; Earl v. Earl, 27 Neb. 277.

*Cheney, Downer, Price & Hawkins,* for Respondent:

Authenticated copy of the West Virginia judgment was properly considered by the district court as a part of the answer. Objection to the answer, because exhibit was not attached, should have been made by preliminary motion or demurrer. 8 Stand. Ency. Proc. 804–806. In the absence of statutory rule to the contrary, an exhibit which is referred to and filed, although not attached to the pleading, constitutes a part of it. Straus v. A. P. Co., 201 Fed. 306; Sutherland v. Sutherland, 71 N. W. 424; Thompson v. Recht, 63 N. E. 569; Peterson v. Allen, 12 Iowa, 366; Wall v. Galvin, 80 Ind. 447; Carper v. Kitt, 71 Ind. 24; Wishard v. McNeil, 42 N. W. 578.

The reply raised no issue of fact, and a motion for judgment on the pleadings was proper. Kelly v. Kreiss, 9 Pac. 129; Hubenthal v. Railway Co., 86 Pac. 955; 14 Stand. Ency. Proc. 943; Peterson v. Wade, 115 Fed. 770; Gaffeny v. St. Paul Ry. Co., 35 N. W. 728; Bird v. Rowell, 167 S. W. 1172; Peterson v. City, 120 Pac. 231; State v. Quantic, 94 Pac. 491.

The facts are what constitute the estoppel, rather than the conclusion which the pleader draws from the facts. Spokane v. Costello, 106 Pac. 764; Anderson v. Insurance Co., 76 Pac. 109; Seng v. Payne, 128 N. W. 626; Stillman v. Barney, 4 Vt. 331. Proof of admitted facts is wholly unnecessary. Frances Mohawk v. McKay, 37 Nev. 191; Boydstun v. Jacobs, 38 Nev. 176; Bernard v. Metropolis, 40 Nev. 89.

Judgment of the West Virginia court in the maintenance suit is a bar to this action. Full faith and credit must be given to the judicial proceedings of other states. U. S. Stats., sec. 1, art. 1; U. S. Rev. Stats., sec. 905; 15 R. C. L., secs. 403, 404. This provision is applicable to divorce cases. Harding v. Harding, 198 U. S. 317;

Haddock v. Haddock, 201 U. S. 562; Thompson v. Thompson, 226 U. S. 552; Forsythe v. Hammond, 166 U. S. 506; S. P. Co. v. U. S., 168 U. S. 48.

"The estoppel extends to every material allegation or statement which, having been made on one side and denied on the other, was at issue in the cause, and was determined in the course of the proceedings. The parties have had their day in court and have been heard upon these questions. They cannot reopen the subject and try the same questions over again. There must be an end to litigation." McLeod v. Lee, 17 Nev. 103; Aurora City v. West, 7 Wall. 103.

By the Court, COLEMAN, J.:

This is an action to obtain an absolute divorce. The complaint charges the defendant with cruelty. The answer denies the acts of cruelty alleged, and sets up in bar a plea of res adjudicata. To this plea plaintiff (Dr. Vickers) filed a reply in which it is admitted that in a suit for separate maintenance brought by this defendant in the circuit court of Cabell County, W. Va., this plaintiff appeared and pleaded, setting up in his answer, among other things, the same facts contained in his complaint in the present action. The reply admits that said separate maintenance suit was heard and determined by the circuit court of Cabell County, W. Va., and that on the 15th day of April, 1920, the said court entered a decree awarding the defendant (Mrs. Vickers) $250 monthly for her support and maintenance. It contains also the following:

"Plaintiff denies that the matters and things, or either, or any, alleged in plaintiff's said petition, or otherwise, or at all, are res adjudicata, for the reason that the same matters and things, or either, or any, have been pleaded by the said plaintiff in the said suit for maintenance brought by this defendant in the circuit court of said Cabell County, which court was a court of competent jurisdiction, having jurisdiction both of the person of the said plaintiff and of the subject-matter and

decided before the institution of the plaintiff's said suit in this court, or for any other reason.

"Plaintiff denies that said adjudication on the 15th day of April, 1920, or any other adjudication, or judgment, or decision, or opinion, of the said court, or any other court, set out in defendant's answer, or otherwise, is a bar to the suit of the said plaintiff in this court.".

Upon the filing of this reply, defendant moved the court to enter a judgment in her favor upon the pleadings, which motion was granted. The appeal herein is from the judgment thus entered.

The matter has been presented on behalf of appellant at great length, several briefs having been filed, aggregating over sixty typewritten pages. We do not deem it necessary or advisable to follow counsel's line of argument in disposing of the case. As we view the record, we are not confronted with any complex problem necessitating protracted discussion. Counsel say that, notwithstanding the fact that in the separate maintenance suit brought by Mrs. Vickers in West Virginia, Dr. Vickers pleaded the same matter in his answer as is now pleaded in his complaint in the suit at bar, that the decree in the separate maintenance suit is not a bar to this proceeding, for the reason that it was not necessary for the court to determine in the separate maintenance suit the question of Mrs. Vicker's cruelty, since it was the duty of Dr. Vickers to support his wife, whether or not she was guilty of cruelty. Such is not the law, either in Nevada or West Virginia. Counsel for appellant cite many English authorities, and some American, wherein it is held that it is the duty of the husband to support the wife when he lives separate and apart from her, as Dr. Vickers was at the time the separate maintenance suit was instituted, even though she is at fault.

1. It is clear that there was a conflict of authority on the question in England, the ecclesiastical courts holding to the rule contended for by appellant, while the

equity courts mainly took the contrary view; but in this country the weight of authority and the best-reasoned cases are in line with the rule existing in West Virginia. One of the very earliest cases in this country adopting that rule was Purcell v. Purcell, 4 Hen. & M. (Va.) 507. The authorities sustaining this view are collated in a note to Lang v. Lang, 38 L. R. A. (N. S.) 950. However, we are not driven to the necessity of determining what the rule was in England, or what it should be in this state, in disposing of the question, for we must be controlled either by the law of West Virginia or by the statute of Nevada. In West Virginia the question has been settled by the highest court. It was held in the case of Kittle v. Kittle (W. Va.) 102 S. E. 799, that if the wife were at fault she would not be entitled to separate maintenance. Hence it follows that since the West Virginia court awarded Mrs. Vickers $250 a month as separate maintenance, it must have found that she was not guilty of cruelty. But if we must be controlled by the law of this state, the same result must follow. By statute it is provided:

"When the wife has any cause of action for divorce against her husband, or when she has been deserted by him and such desertion has continued for the space of ninety days, she may, without applying for a divorce, maintain in the district court, an action against her husband for permanent support and maintenance of herself or of herself and of her child or children." Stats. 1913, c. 97, p. 120.

It is clear from our statute that the wife can obtain separate maintenance only in case she is not at fault, for if she were at fault she would have no ground for divorce; neither could she recover on the ground of desertion, if at fault, since desertion consists in the voluntary separation of one spouse from the other without the latter's consent and without justification. 14 Cyc. 611; Luper v. Luper, 61 Or. 418, 96 Pac. 1101.

2. Further, it is said that judgment should not have

been entered on the pleadings, since a reply was in fact filed. This contention would be sound did the reply deny a material allegation of the answer. Whether or not a so-called reply raises an issue depends entirely upon the substance of the document filed and not upon its form or designation. The document designated a "reply" in this case is all right in form, but is woefully lacking in substance to present a triable issue of fact. It admits the allegation of the answer as to the matter pleaded in the complaint being res adjudicata; hence there is no issue to try, and nothing left for the court to do but to enter judgment in accordance with the fact pleaded in the answer and admitted in the reply.

It is said, however, in one of the briefs, that to successfully set up the plea of res adjudicata the answer must also allege the purpose for which it is pleaded, as was done in this case—that is, in bar or otherwise, as the case may be—and that a denial that such was the purpose of the party so alleging it raises an issue. Supplementing this contention, it is said:

"Therefore, when plaintiff denied the allegations or the bar or estoppel, that is, the legal effect of the judgment such denial raised an issue to be tried and passed upon, and the court could not pass upon that issue until the judgment was offered in evidence as an evidentiary fact."

As we understand the contention made, it amounts to this: That the reply in this case admits that the same facts were in issue, but denies the legal effect of the decree of the court, and that hence an issue was raised which should be tried. This contention seems too devoid of merit to demand a second thought. When the plea of res adjudicata is presented, it is for the court to determine the legal effect of the reply. The legal effect of a pleading may be tested either upon demurrer or in an appropriate instance by a motion for judgment on the pleadings.

3. It is also said that the plea of res adjudicata

cannot be sustained in this action, for the reason that the suit was brought to obtain a divorce, whereas the action in West Virginia was for separate maintenance. There is no merit in this contention. The fact is that the matter relied upon in this proceeding as a ground for divorce was adjudicated in the separate maintenance suit in West Virginia, and the court there determined that Mrs. Vickers was not guilty of the charge of cruelty. Its finding was an adjudication of the identical matter relied upon here. It matters not the character of the proceeding in which issues are adjudicated, but whether they have in fact been adjudicated between the same parties or their privies. The Supreme Court of the United States, in a recent opinion in State of Oklahoma v. State of Texas, 256 U. S. 70, 41 Sup. Ct. 420, 65 L. Ed. 475, said:

"The general principle, applied in numerous decisions of this court, and definitely accepted in Southern Pacific R. Co. v. United States, 168 U. S. 1, 48, 49, 18 Sup. Ct. Rep. 18, 42 L. Ed. 355, 376, 377, is, that a question of fact or of law, distinctly put in issue and directly determined by a court of competent jurisdiction as a ground of recovery or defense in a suit or action between parties sui juris, is conclusively settled by the final judgment or decree therein so that it cannot be further litigated in a subsequent suit between the same parties or their privies whether the second suit be for the same or a different cause of action. As was declared by Mr. Justice Harlan, speaking for the court in the case cited: * * * 'This general rule is demanded by the very object for which civil courts have been established, which is to secure the peace and repose of society by the settlement of matters capable of judicial determination. Its enforcement is essential to the maintenance of social order; for, the aid of judicial tribunals would not be invoked for the vindication of rights of person and property, if, as between parties and their privies, conclusiveness did not attend

the judgments of such tribunals in respect of all matters
properly put in issue and actually determined by them.' "
    See, also, Sherman v. Dilley, 3 Nev. 21.
    In this connection, we may call attention to two inter-
esting decisions, namely, Harding v. Harding, 198 U. S.
317, 25 Sup. Ct. 679, 49 L. Ed. 1066, and Kelly v. Kelly,
118 Va. 376, 87 S. E. 567.  In the former case, the wife,
on February 3, 1890, brought in Illinois an action for
separate maintenance, alleging that without her fault,
and in consequence of the cruel treatment of her hus-
band, and on account of his misconduct in other respects,
she was compelled to live separate and apart from him.
The answer of the husband denied all charges of mis-
conduct on his part, and alleged that it was through her
own fault that the wife resided separate and apart from
him.  Other facts stated in the opinion are not material
here.  Ultimately the court entered a decree, wherein it
was adjudged that the allegations of the wife's com-
plaint were true, and she was awarded separate mainte-
nance money.  Thereafter the husband established his
residence in California, where he brought a suit for
divorce, alleging that on or about the month of Febru-
ary, 1890, his wife had deserted him without cause.  The
wife filed an answer in which she denied the charges of
desertion and set up the Illinois decree as res adjudicata.
The California courts held that the Illinois decree was
not res adjudicata, but on appeal the Supreme Court of
the United States reversed the judgment.  The court,
after discussing several points and reviewing numerous
decisions, says:
    "We are brought to consider the final question, which
is:  Was the decree in favor of the wife for separate
maintenance entered in the Illinois case conclusive upon
the husband in the courts of California of the issue of
wilful desertion?  That the issue of wilful desertion
present in the divorce action was identical with the issue
of absence without fault, presented in the Illinois main-
tenance suit, is manifest.  The separation asserted by

the wife in her bill for separate maintenance to have been without her fault was averred to have taken place on February 1, 1890, and such separation was stated by the husband in his answer to the bill to have been an abandonment and desertion of him. The wilful desertion charged in the complaint in this action for divorce was averred to have been committed 'on or about the month of February, 1890, and to have been continuous thereafter.' And the identity between the two is further demonstrated by the circumstance that the evidence taken in the Illinois case bearing upon the cause for the separation was used upon the trial in this case. The question in each suit, therefore, was whether the one separation and living apart was by reason of the fault of the wife. From the standpoint of a decree in favor of the wife in the suit for separate maintenance the issues raised and determined were absolutely identical."

The Kelly case, supra, is one from which it appears that the wife brought suit in Massachusetts, alleging nonsupport and cruelty, praying for an order restraining her husband from interfering with her personal liberty, and that he be required to provide for her support. Due service of process having been made upon the husband, the Massachusetts court, on December 1, 1902, entered an order reciting that the wife was living apart from her husband for justifiable causes, directing that he pay a monthly sum for her support, and enjoining him from interfering with her personal liberty. The husband complied with the order until 1913. During 1910 the husband established his residence in Virginia. After establishing his residence in Virginia, Kelly wrote a formal letter to his wife requesting her to come to his house and resume marital relations with him, which evoked no reply. Thereafter the husband instituted a suit for divorce a vinculo matrimonii, upon the ground of desertion. The wife filed an answer denying the charges of desertion and setting up the order of the Massachusetts court. After

commenting upon the Harding case, supra, the court says:

"We do not think the case at bar can be distinguished in principle from the case of Harding v. Harding. In both cases the alleged desertion by the wife rested upon the original separation, which the Illinois court, in the one case, and the Massachusetts court, in the other, had held to be justifiable. It is true that in the instant case the two letters from Joseph Kelly to his wife were relied upon to convert the original separation into a desertion, but we think the bare recital of the letters and their contents, together with the circumstances under which they were written, sufficiently disposes of them. All the other evidence in the case, so far as it bears at all upon the separation and alleged desertion, relates back to a time prior to the Massachusetts decree, and cannot be given any consideration without denying to that decree the faith and credit to which it is entitled."

For the reasons given the judgment is affirmed.

### ON PETITION FOR REHEARING

By the Court, COLEMAN, J.:

A lengthy petition for a rehearing has been filed in this case. We thought the views heretofore expressed so well established as to be preclusive of a petition for a rehearing. However, it may serve a good purpose to elaborate somewhat upon the main point originally presented.

1. At the outset we may state that, while counsel insist upon some of their original contentions, they now argue from a different view-point than formerly that the trial court was without jurisdiction to enter judgment on the pleadings. As to such matters, we need simply say that it is a well-established rule in this jurisdiction that they will not be considered when urged for the first time in a petition for a rehearing.

2. We come now to the assertion that our conclusion as to the application of the plea of res adjudicata is not

well founded. To the answer filed in this case, setting up the plea of res adjudicata, as we formerly pointed out, a reply was filed, wherein it was admitted that the "same facts and allegations" of cruelty in the complaint in this suit as a ground for a divorce were contained in the answer in the separate maintenance suit in West Virginia, wherein the court entered a decree in favor of the plaintiff in that proceeding, and against the plaintiff (Dr. Vickers) in this suit. Hence it appears beyond question that the identical issue—cruelty—was involved in the West Virginia proceeding as is involved in this one, and growing out of the same state of facts. Why should this issue be retried in the Nevada courts? If it can be retried here, might it not be retried in as many of the forty-eight states of the Union as permit a divorce on the ground of cruelty? Learned counsel have argued, more at length than with perspicuity, in an effort to show wherein we erred. In our former opinion we quoted from a recent decision of the Supreme Court of the United States, holding to the effect that a question of fact distinctly put in issue and determined by a court of competent jurisdiction as a ground of recovery or defense is conclusively settled by the final judgment or decree therein, so that it cannot be further litigated in a subsequent suit between the same parties or their privies, whether the second suit be for the same or a different cause of action. This seems to be a wholesome rule, enunciated by a distinguished tribunal, and in keeping with long-recognized and well-established principles.

While the doctrine of res adjudicata is an ancient one, and recognized by practically all systems of jurisprudence, the authorities of this country hark back to the Duchess of Kingston's Case (11 State Trials, 261; Smith's Leading Cases, 573) for guidance. What seems to be recognized as the leading case in this country is that of Cromwell v. County of Sac, 94 U. S. 351, 24 L. Ed. 195. While we do not think the opinion of Mr. Justice Field in that case needs any interpretation, if

there be any doubt as to just what that learned justice meant, we need look only to his opinion in Russell v. Place, 94 U. S. 606, 24 L. Ed. 214, where he said:

"It is undoubtedly settled law that a judgment of a court of competent jurisdiction, upon a question directly involved in one suit, is conclusive as to that question in another suit between the same parties."

Some years later the same learned tribunal, speaking through Mr. Justice Harlan, Mr. Justice Field and all of the other justices concurring, in Southern Pacific Co. v. United States, 168 U. S. 1, 18 Sup. Ct. 18, 42 L. Ed. 355, used this language:

"The general principle announced in numerous cases is that a right, question, or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies."

Following up the decision mentioned was the one in State of Oklahoma v. Texas, from which we quoted in our former opinion. It would seem that there can be no doubt, from a consideration of all of these opinions, as to just what the Supreme Court of the United States meant to hold. It says as plainly as the English language can express it that an issue of fact directly determined by a court of competent jurisdiction cannot be again tried, where a proper plea is interposed, between the same parties or their privies. Such is the well-established rule. 23 Cyc. 1215.

3. Counsel frequently allude to the term "cause of action," but nowhere endeavor to enlighten the court as to their understanding of it. We understand it to mean merely an averment of facts sufficient to justify a court in rendering a judgment. It is said in the petition:

"Now when the defendant pleads the West Virginia judgment as a bar, she pleads that this cause of action, to wit, divorce, was heard, tried, and determined, and we know it was not."

The language quoted epitomizes all that is said upon the point.    Yes; we know the question of divorce was in no way involved in the West Virginia proceeding; no one ever contended that it was.    In that suit Mrs. Vickers sought separate maintenance, on the ground that Dr. Vickers had abandoned her.    He defended on the ground of cruelty, averring in his answer numerous alleged facts going to constitute cruelty as a justification for his conduct.    Cruelty was the issue upon which Dr. Vickers relied in that suit as a ground of defense. In a sense, there were two issues in the West Virginia suit—the alleged abandonment of Mrs. Vickers by Dr. Vickers and the alleged cruelty of Mrs. Vickers.    If Dr. Vickers had succeeded in establishing the issue growing out of his charge of cruelty as a ground of defense, Mrs. Vickers could not have recovered, as there then could have been no abandonment.    The contention of the petitioner, as set forth in the above quotation, is too flimsy to call forth serious consideration.

In this action for a divorce, instituted by Dr. Vickers, wherein he relies upon cruelty as a ground therefor, and pleads the identical facts, as he admits in his reply, to sustain the same as were adjudicated in the West Virginia suit, the judgment on the pleadings was properly entered.

We do not deem it necessary to supplement what was said in our former opinion upon the other points considered.

It is ordered that the petition for a rehearing be denied.