132 Nev., Advance Opinion 25

## IN THE SUPREME COURT OF THE STATE OF NEVADA

JERALD R. JACKSON, TRUSTEE OF
THE JERALD R. JACKSON 1975
TRUST, AS AMENDED; AND IRENE M.
WINDHOLZ, TRUSTEE OF THE IRENE
M. WINDHOLZ TRUST DATED
AUGUST 11, 1992,
Appellants,
vs.
EDWARD H. GROENENDYKE,
TRUSTEE OF THE GROENENDYKE
FAMILY TRUST; AND THE NEVADA
STATE ENGINEER,
Respondents.

No. 67289

FILED

APR 07 2016



Appeal from a district court decree determining vested water rights. Ninth Judicial District Court, Douglas County; David R. Gamble, Judge.

*Affirmed.*

Woodburn and Wedge and Gordon H. DePaoli, Reno,
for Appellants.

Adam Paul Laxalt, Attorney General, and Bryan L. Stockton, Senior Deputy Attorney General, Carson City,
for Respondent the Nevada State Engineer.

Kaempfer Crowell and Severin A. Carlson and Tara C. Zimmerman, Reno, for Respondent Edward H. Groenendyke, Trustee of the Groenendyke Family Trust.

BEFORE DOUGLAS, CHERRY and GIBBONS, JJ.

*OPINION*

By the Court, CHERRY, J.:

The parties disputed who had rights to certain spring waters and the State Engineer adjudicated those rights, entering a final order of determination under NRS 533.160. The matter was then set for a hearing in district court as required by NRS 533.170. NRS 533.170 allows a party aggrieved or dissatisfied by the State Engineer's final determination to file a notice of exceptions in district court, setting forth the exceptions taken to that determination and the relief sought. In this appeal, we consider whether a party who timely files exceptions may later supplement those exceptions to include property access claims arising from its water rights. We hold that a party may so supplement. NRS 533.170(5) provides that proceedings on exceptions to the State Engineer's order of determination shall be held in accordance with the Nevada Rules of Civil Procedure, and those rules allow amended pleadings. Thus, the district court properly considered the notice of supplemental exceptions in affirming the State Engineer's order of determination, as modified, including respondent Edward H. Groenendyke's supplemental request that the district court's judgment and decree confirm Groenendyke's right of access to certain property for purposes of repairing and maintaining the facilities necessary to convey water, the rights to which were adjudicated in his favor by the State Engineer. Additionally, although Jackson challenges the district court's determination that the Green Acres properties had a vested water right to the waters from Spring A, we conclude that its findings were supported by substantial evidence in the record. We therefore affirm the district court's judgment and decree.

## FACTS AND PROCEDURAL HISTORY

The rights implicated in this appeal pertain to water from an unnamed spring known as "Spring A." Spring A originates in California, but its water flows into Douglas County, Nevada. Spring A has been improved with pipes leading water south and east into Nevada with a valve that allows the water to either travel south towards Jerald Jackson and Irene Windholz's (collectively Jackson's) property and eventually to Edward Groenendyke's property, or east towards a set of properties known as the Green Acres properties.

Arising from a water determination action that dates back to 1987, the State Engineer issued a final order of determination of water rights in 2008. The parties affected were then allowed to file exceptions to the State Engineer's final order. Both Jackson and Groenendyke filed exceptions. Due to the sheer number of claims in this final order, the portion involving the Spring A water was not heard in the district court until November 30, 2012.

With no direct evidence regarding who installed the pipes to convey Spring A's water or when the installation took place, the district court observed aerial photography and geological maps. The court also heard testimony from the State Engineer's expert and Jackson's expert before concluding that the properties to the south (Jackson's and Groenendyke's properties) and the east (Green Acres) each had vested rights to the water from Spring A.

In September 2012, Groenendyke filed a supplement to his earlier filed exceptions. In that supplement, Groenendyke moved the district court to allow him access to Jackson's property for the limited purpose of repair and maintenance of facilities on the waterway because

Jackson's land was upstream from his own. Although the issue of land access was not part of the State Engineer's final order, or either party's original exceptions, the district court granted Groenendyke's request.

## DISCUSSION

On appeal, Jackson argues that (1) the district court was without jurisdiction to grant Groenendyke access to Jackson's property to maintain and repair the pipeline; (2) if so, Groenendyke's request for access to the property was untimely; and (3) the district court erred in finding that the Green Acres properties had a vested right to the Spring A water. We disagree. Pursuant to the Nevada Rules of Civil Procedure, a district court may allow a party to add a later claim when that later claim arises out of the same transaction or occurrence as the existing action. Because Groenendyke's supplemental exception, in which he asked the district court to order that he be allowed access to the pipeline located on Jackson's property, arises from the same dispute adjudicated by the State Engineer in its final order of determination, the district court had jurisdiction to consider Groenendyke's supplemental exception. Further, the district court's findings regarding Green Acres' vested water rights were not clearly erroneous, and they were based on substantial evidence.

*Standard of review*

In a water rights case, the district court must make its own findings and draw its own conclusions in an appeal of the State Engineer's final order. *Scossa v. Church*, 43 Nev. 407, 410, 187 P. 1004, 1005 (1920); *see also* NRS 533.170; NRS 533.185. Appeals from the decree of the district court are taken to this court "in the same manner and with the same effect as in civil cases." NRS 533.200.

This court reviews a district court's factual findings for an abuse of discretion and will not set aside those findings unless they are

clearly erroneous or not supported by substantial evidence. *Sowers v. Forest Hills Subdivision*, 129 Nev., Adv. Op. 9, 294 P.3d 427, 432 (2013). Substantial evidence is evidence that a "reasonable mind might accept as adequate to support a conclusion." *Mason-McDuffie Real Estate, Inc. v. Villa Fiore Dev., LLC*, 130 Nev., Adv. Op. 83, 335 P.3d 211, 214 (2014) (internal quotations omitted). This court accords "deference to the point of view of the trial judge since he had the opportunity to weigh evidence and evaluate the credibility of witnesses—an opportunity foreclosed to this court." *Harris v. Zee*, 87 Nev. 309, 311, 486 P.2d 490, 491-92 (1971).

When reviewing questions of law, however, including issues of statutory interpretation, this court applies de novo review. *State, Dep't of Motor Vehicles v. Taylor-Caldwell*, 126 Nev. 132, 134, 229 P.3d 471, 472 (2010).

*Groenendyke's access to Jackson's land*

Jackson argues that whether one party in a water rights dispute may enter onto another party's property to exercise vested water rights is not appropriate for adjudication under NRS Chapter 533.[1] Jackson argues that NRS 533.090-.200 do not expressly provide jurisdiction to adjudicate land entry claims. However, nothing in Chapter

---

[1]Jackson also argues, for the first time in his reply brief, that even if the district court could grant land access, Groenendyke should have sought this relief in his initial exceptions to the State Engineer's final order rather than seeking to file a supplement to his exceptions after the deadline had passed. Because Jackson failed to raise this claim until his reply brief in this court, it is waived. *Francis v. Wynn Las Vegas, LLC*, 127 Nev. 657, 671 n.7, 262 P.3d 705, 715 n.7 (2011); *see also Carrigan v. Comm'n on Ethics*, 129 Nev., Adv. Op. 95, 313 P.3d 880, 887 n.6 (2013) ("Arguments not raised . . . in district court normally cannot be raised for the first time on appeal.").

533 prevents a court of general jurisdiction, such as a district court, from hearing related claims. Further, because NRS 533.170(5) requires that these proceedings accord as much as possible with the Nevada Rules of Civil Procedure, and those rules allow a district court to hear related claims arising out of the same transaction or occurrence, we conclude that a district court in a water rights action may hear directly related claims, so long as those claims arise out of the same transaction or occurrence.

NRS 533.170 sets procedures for filing exceptions to the State Engineer's final order of determination. NRS 533.170(5) provides that district court proceedings on the State Engineer's final order of determination shall be held in accordance with the Nevada Rules of Civil Procedure to the extent possible. The rules of civil procedure allow parties to amend their prior pleadings. NRCP 15(a). Amended pleadings arising out of the same transaction or occurrence set forth in the original pleadings may relate back to the date of the original filing. NRCP 15(c). "NRCP 15(c) is to be liberally construed to allow relation back of the amended pleading where the opposing party will be put to no disadvantage." *Costello v. Casler*, 127 Nev. 436, 441, 254 P.3d 631, 634 (2011). When the original pleadings give "fair notice of the fact situation" giving rise to the new claim, it relates back. *Nelson v. City of Las Vegas*, 99 Nev. 548, 556, 665 P.2d 1141, 1146 (1983). Where there is no statutory authority preventing a district court from hearing related claims, the rules of civil procedure are intended to allow the court to reach the merits of claims, rather than dispose of claims on "technical niceties." *Costello*, 127 Nev. at 441, 254 P.3d at 634. Thus, we conclude that NRS 533.170 allows additional related claims because amended pleadings accord with the Nevada Rules of Civil Procedure. So long as the new claim arises out of

the same facts and circumstances of the original action, namely the determination of water rights, the district court has jurisdiction to consider those claims.

Groenendyke timely filed his exceptions. Although the exceptions did not address land access for maintenance and repair on the pipe, they did concern vested rights to the water from Spring A, the same water that travels through the pipe in question. The issue of land access for pipe maintenance and repair arises from the same transaction or occurrence as the vested right to receive water from that pipe because the quest to assert water rights necessarily includes reasonable action to ensure the continued flow of that water. Jackson responded to Groenendyke's supplement when he filed his points and authorities opposing Groenendyke's motions. Therefore, Jackson has not been prejudiced by the district court's consideration of Groenendyke's motion for access in his supplement, and the requirements in NRCP 15(c) are satisfied. See Costello, 127 Nev. at 441, 254 P.3d at 634.

Jackson additionally argues that Groenendyke failed to add necessary parties because there are many pipe facilities that are not on Jackson's property and, therefore, the district court was without jurisdiction to grant Groenendyke the access he sought. This argument is without merit. Groenendyke did not ask for access to the other properties, nor are the other property owners necessary to determine access to the facilities on Jackson's property. Although the district court was unable to grant access to other properties because the respective owners were not joined to this action, the district court had the necessary parties before it to grant access to Jackson's property.

We conclude that because the issue of repair arises out of the same transaction or occurrence as the vested water rights, the district court had jurisdiction to consider the issue of limited land access to conduct reasonable maintenance and repair. Accordingly, we affirm the district court's judgment and decree on this ground.

*Green Acres' vested water rights*

Regarding the vested water rights themselves, the State Engineer determined that the Green Acres properties, along with both Jackson and Groenendyke, had vested water rights to the water from Spring A. Jackson and Groenendyke challenged this finding in their exceptions. The district court agreed with the State Engineer, finding that the Green Acres properties had a vested water right. Only Jackson challenges that finding on appeal.

Jackson argues that the district court relied only upon circumstantial evidence and that the circumstantial evidence does not support the district court's conclusion that Green Acres also diverted the water. He claims that the Green Acres properties receive their water from numerous other sources.[2] Having considered the arguments and appendix, we conclude that the district court's determination regarding Green Acres is supported by substantial evidence.

In Nevada, "[b]eneficial use shall be the basis, the measure and the limit of the right to the use of water." NRS 533.035. "The concept of beneficial use is singularly the most important public policy underlying

---

[2]In this appeal, Jackson raised, for the first time, an issue of whether he has a prescriptive right to the water. Jackson withdrew this claim in his reply brief. Therefore, we will not consider it.

Supreme Court
of
Nevada

(O) 1947A

8

the water laws of Nevada and many of the western states." *Desert Irrigation, Ltd. v. State*, 113 Nev. 1049, 1059, 944 P.2d 835, 842 (1997). Vested water rights are "water rights which came into being by diversion and beneficial use prior to the enactment of any statutory water law, relative to appropriation." *Waters of Horse Springs v. State Eng'r*, 99 Nev. 776, 778, 671 P.2d 1131, 1132 (1983) (internal quotations omitted).

Here, the State Engineer made factual findings regarding the Green Acres properties' use of water from Spring A. First, the State Engineer found that the natural channel of Spring A water flowed directly to the Green Acres properties. The State Engineer also found that water flowed through the six-inch pipe to the Green Acres properties. The State Engineer concluded that the water which flows through the pipe and reaches the Green Acres properties was diverted and put to beneficial use, irrigating the Green Acres properties; therefore, the Green Acres properties had a vested right.

In its answering brief on appeal, the State Engineer argues that he and the district court relied upon expert testimony and culture maps showing homogenous vegetation to reach the conclusion that although water from Spring A had been diverted towards Jackson's property by his predecessors in interest, some was allowed to continue along its more natural path to the Green Acres properties. The district court, after visiting the site with the parties and holding a hearing with expert testimony, affirmed the State Engineer's conclusions.

Jackson seeks to have us reweigh the facts and conclude in his favor; however, the record supports that the district court's findings are not clearly erroneous and are based on substantial evidence, even if Jackson disagrees with the ultimate findings. We will not substitute our

 

judgment for that of the district court unless the district court's findings were clearly erroneous, which they were not.

## CONCLUSION

Accordingly, for the reasons set forth above, we order the judgment and decree of the district court affirmed.

_____, J.
Cherry

We concur:

_____, J.
Douglas

_____, J.
Gibbons