ISABEL W. CARTIER *vs.* LIBERTY LAUNDRY, INC.

DECEMBER 9, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

SWEETLAND, C. J. This is an action of trespass on the case, in which the plaintiff is seeking to recover·damages for personal injuries alleged to have been caused by the negligence of the defendant's servant in the operation of the defendant's automobile.

The case was tried before a justice of the Superior Court sitting with a jury, resulting in a verdict for the plaintiff for $1,600. The defendant duly filed a motion for new trial. The justice rendered a decision granting the defendant's motion unless the plaintiff should remit all of the verdict in excess of $500. The plaintiff excepted to the decision of the justice and has pressed that exception before us.

There was testimony which would warrant a finding that the plaintiff was injured in a collision between an. automobile in which she was riding and that driven by the

defendant's servant; that she was severely cut by falling glass and received a number of contusions upon her body, shoulders, arms and hips, requiring the attendance of a physician; that these injuries still affect her ability to sleep on her right side and restrict the movement of her right arm and shoulder. In addition to these injuries there was testimony that as a result of the accident the plaintiff now has a functional disorder of the heart, known as tachycardia, due to a condition of the nervous system; that this disorder of the heart will probably recur at intervals during the rest of her life; that it is very painful to the plaintiff during the periods of its recurrent attacks.

In his decision the justice says that although the plaintiff may have had the painful functional heart attacks testified to by her and her physician, he "is not satisfied that it exists today or that she has been very seriously inconvenienced by it."

In passing upon a motion for new trial in such a case as that at bar the justice who presided at the jury trial must exercise his independent judgment as· to the question of liability, the extent of injury and what will be due compensation in damages for the injury which he finds. If as to either of these matters the justice considers that the jury's verdict does not fairly respond to the facts in evidence and hence fails to do justice between the parties then it is his duty to disregard the verdict and grant a new trial. When the matter comes before us upon exception to his decision, the conclusion of the justice as . to the proper amount of damages presents a somewhat different question from his determination as to either liability or injury. ' The last two matters are dependent upon the weight to be given to the various facts in evidence, the credibility of the witnesses and the real value of the testimony given by them. As to those matters we will give great weight to the conclusions of the justice whose presence at the trial placed him in a more favorable position to pass upon them correctly than is the position of an appellate court. Also,

upon the matter of damages, we will regard the determination of the justice as coming to us with persuasive force, and as one not to be disturbed save upon mature consideration. Yet the question is of a different kind from either that of liability or of injury. In a great measure the fixing of the amount of damages by a jury, a justice of the Superior Court, or by this court calls for the exercise of good judgment, the application of experience and knowledge of the affairs of life and of social and economic conditions.

In the case at bar it is with some hesitation that we follow the justice in his finding that the evidence does not fully support the claim of injury made by the plaintiff and her physician, but in accordance with our established practice we will not disturb his finding in that regard, for the reason that we are unable to say from an examination of the evidence that he is clearly wrong. Taking the extent of injury, however, to be as the justice has found, then upon applying our own judgment and experience to the matter we are of the opinion that the amount of damages awarded by him as compensation for such injury is quite inadequate. After considering the evidence as to the extent of the plaintiff's injuries, which are undisputed, and the effect which such injuries have had and will continue to have upon her physical condition, her habits of life and her comfort, we find that $1,000 would be a reasonable award.

The plaintiff's exception to the decision of the justice is sustained. The case is remitted to the Superior Court for a new trial unless the plaintiff shall, by her remittitur filed in the clerk's office of the Superior Court on or before December 19, 1927, remit all of said verdict in excess of $1,000.

*Quinn, Kernan & Quinn*, for plaintiff.
*Henshaw, Lindemuth & Baker*, for defendant.