[Civ. No. 9357. Fourth Dist., Div. One. July 7, 1969.]

LOU D. COLLINS, Plaintiff and Appellant, v. LUCKY MARKETS, INC., et al., Defendants and Appellants.

646

Otis Babcock for Plaintiff and Appellant.

Jacobs, Jacobs, Nelson & Witmer, Jacobs, Jacobs, Nelson, Witmer & Smith and Paul B. Witmer, Jr., for Defendants and Appellants.

AULT, J. pro tem.*—Appellant Lou D. Collins sustained fractures of both wrists in a "slip and fall" accident occurring in respondents' store. A jury returned a verdict in appellant's favor and awarded her damages in the amount of $37,136. Respondent moved for a new trial on several grounds and the trial court granted the new trial as to all issues on the ground of excessive damages unless appellant remitted $19,136 of the jury's award. She elected not to remit and the order granting the new trial became effective. Appellant appeals from the order granting the new trial and respondent has filed a cross-appeal from the judgment.

Appellant contends: 1) The trial court failed to specify the grounds and reasons for granting the new trial as required by Code of Civil Procedure, section 657; 2) the jury verdict was not excessive and the trial court's order requiring a remission of $19,136, or granting a new trial in the alternative, was an abuse of discretion; 3) if the order granting the new trial is permitted to stand, such new trial should be limited to the issue of damages alone.

The minute order of March 29, 1968, granting the new trial

*Assigned by the Chairman of the Judicial Council.

reads: "The motion for a new trial is granted *as to all issues* as to the defendant Lucky Markets, Inc. as against plaintiff Lou D. Collins on the ground of *excessive damages,* unless the plaintiff files a remission in writing in the above matter to defendant in the sum of $19,136.00 on or before April 10, 1968. [Italics added.] If the remission is filed on or before April 10, 1968, the motion for a new trial is denied. Basing the ruling solely on the evidence introduced at the trial, the court states as its reasons for granting a new trial unless remission is made, that the credible evidence, and the injury asserted and proved, clearly indicates that a verdict over $18,000.00 would be excessive. The court's assessment of the testimony is that $18,000.00 would be the maximum upper limit for the injuries and resulting damages. The court finds that Dr. Tom Clark, plaintiff's attending physician and the only doctor giving testimony, accurately described plaintiff's injuries. The court finds that the jury clearly arrived at an unreasonable and excessive verdict, against the clear preponderance of creditable [*sic*] evidence, from passion and prejudice."

As indicated by our added emphasis above, the order specifically states the ground upon which the conditional new trial was granted on all issues to be excessive damages. While the ground of excessive damages might seem to pertain more particularly to the issue of damages, Code of Civil Procedure, section 657 expressly permits the granting of a new trial on all issues (i.e., liability and damages) on that ground.[1] In

[1] "The verdict may be vacated and any other decision may be modified or vacated, in whole or in part, and a new or further trial granted on all or part of the issues, on the application of the party aggrieved, for any of the following causes, materially affecting the substantial rights of such party:

" . . . . . . . . . .

"5. Excessive or inadequate damages.

" . . . . . . . . . .

"When a new trial is granted, on all or part of the issues, the court shall specify the ground or grounds upon which it is granted and the court's reason or reasons for granting the new trial upon each ground stated.

"A new trial shall not be granted upon the ground of insufficiency of the evidence to justify the verdict or other decision, nor upon the ground of excessive or inadequate damages, unless after weighing the evidence the court is convinced from the entire record, including reasonable inferences therefrom, that the court or jury clearly should have reached a different verdict or decision.

" . . . . . . . . . .

"On appeal from an order granting a new trial the order shall be affirmed if it should have been granted upon any ground stated in the motion, whether or not specified in the order or specification of reasons, except that (a) the order shall not be affirmed upon the ground of the

light of the plain wording of the statute and the clear statement of the ground, appellant's initial contention the order does not specify the ground upon which the new trial was granted as to all issues must fail.

Appellant's contention that the minute order fails to specify the trial court's reasons for granting a new trial as required by Code of Civil Procedure, section 657 necessitates a more detailed discussion. In that connection, the 1965 amendments to the section placed the same requirements and duties upon the trial judge when granting a motion for new trial on the ground of excessive damages as when granting such motion on the ground of insufficiency of the evidence to justify the verdict. The 1967 amendments placed the ground of inadequate damages in the same category, established inadequate and excessive damages as separate grounds for a new trial and, as. to the latter ground, eliminated the preexisting statutory qualification which theretofore read: ". . . appearing to have been given under the influence of passion and prejudice.'' ██ Where a new trial is granted on the ground of insufficiency of the evidence, inadequate damages, or excessive damages, the overall effect of the 1965 and 1967 amendments is not only to require the trial court to specify its reasons for granting the new trial on the particular ground stated, but to raise a conclusive presumption the new trial was granted only for the reasons so specified. (Code Civ. Proc., § 657; *Mercer* v. *Perez,* 68 Cal.2d 104, 119 [65 Cal.Rptr. 315, 436 P.2d 315].)

██ It is sufficient if the trial judge furnishes a concise but clear statement of the reasons why the stated ground is applicable to the case before him, and he should identify that portion of the record which convinces him the jury should have reached a different verdict. (*Mercer* v. *Perez, supra,* 68 Cal.2d 104, 115-116; *Funderburk* v. *General Tel. Co.,* 262 Cal. App.2d 869, 873-875 [69 Cal.Rptr. 275]; *Hayes* v. *Long Beach Banana Distributors, Inc.,* 270 Cal.App.2d 658, 662 [76 Cal.Rptr. 260].) ''No hard and fast rule can be laid down as

insufficiency of the evidence to justify the verdict or other decision, or upon the ground of excessive or inadequate damages, unless such ground is stated in the order granting the motion and (b) on appeal from an order granting a new trial upon the ground of the insufficiency of the evidence to justify the verdict or other decision, or upon the ground of excessive or inadequate damages, it shall be conclusively presumed that said order as to such ground was made only for the reasons specified in said order or said specification of reasons, and such order shall be reversed as to such ground only if there is no substantial basis in the record for any of such reasons.'' [Code Civ. Proc., § 657.]

to the content of such a specification, and it will necessarily vary according to the facts and circumstances of each case." (*Mercer* v. *Perez, supra,* p. 115.) Where. for example, a new trial is granted on the ground of "irregularity in the proceedings," or "misconduct of the jury," it is generally possible to state the required reasons with precision "But when a new trial is granted on the ground of 'insufficiency of the evidence' (and perhaps 'excessive' or 'inadequate' damages)' such a precise but brief statement of reasons is rarely possible." (*Kincaid* v. *Sears, Roebuck & Co.,* 259 Cal.App.2d 733, 738-739 [66 Cal.Rptr. 915].) ▮ When a motion is made on such grounds, the court is required by the provisions of the code section itself to weigh and consider all the evidence in the record, including the reasonable inferences to be drawn therefrom, and if a new trial is granted, its judgment is based upon the totality of the evidence, not upon any particular portion of the record which can be readily pointed out. (*Kincaid* v. *Sears, Roebuck & Co., supra,* pp. 738-739.) Where the grounds for new trial are inadequate or excessive damages in many cases there may be little more the trial judge can say except that, after weighing all the evidence, he is convinced the jury has awarded too little or too much money for the injuries and damages proved.

▮ In the instant case the trial court has specified reasons for granting the new trial on all issues on the ground of excessive damages. Perhaps it could have done so with greater specificity. The trial judge has indicated in the order that in his judgment, based upon the credible evidence, the original verdict was in an amount over twice that warranted by the injuries and damages proved. He has pointed to the testimony of appellant's doctor as accurately describing those injuries. Finally, he has indicated his belief that the jury arrived at an unreasonable and excessive verdict against the clear preponderance of believable evidence from passion and prejudice.

Among other things, the trial court could have briefly explained why or for what reasons it concluded the jury acted from "passion and prejudice" in arriving at its verdict. Certainly such an explanation would have been helpful. But in using those words, the court was not merely repeating a part of the statutory ground for granting a new trial for excessive damages. ▮ As heretofore indicated the 1967 amendments to Code of Civil Procedure, section 657 eliminated the words "appearing to have been given under the influence of passion or prejudice" as part of the stated ground for granting a

new trial for excessive damages. An excessive verdict may result from reasons other than passion and prejudice on the part of the jury. (*Hughes* v. *Hearst Publications, Inc.,* 79 Cal.App.2d 703, 704-705 [180 P.2d 419] ; *Van Ostrum* v. *State of California,* 148 Cal.App.2d 1, 7 [306 P.2d 44] ; *Koyer* v. *McComber,* 12 Cal.2d 175, 180-183 [82 P.2d 941].) ▓▓▓ It would seem apparent, however, that one very legitimate reason a trial judge may give for setting aside an excessive verdict is his belief or finding the jury arrived at the verdict from passion or prejudice. (See *Funderburk* v. *General Tel. Co., supra,* 262 Cal.App.2d 869, 875 where the court concludes ''a specification of reasons couched in terms of ultimate fact is sufficient.'') The minute order of March 25, 1968, contains sufficient specification of the court's reasons for granting the new trial on the ground of excessive damages to meet the requirements of Code of Civil Procedure, section 657.

▓▓▓ The trial judge not only has the discretion to grant a new trial on the ground of excessive damages, but it is his duty to do so, or to provide for a reduction of the verdict, if under the evidence he believes it to be too large. (*Morris* v. *Standard Oil Co.,* 188 Cal. 468, 473 [205 P. 1073] ; *County of Los Angeles* v. *Bitter,* 103 Cal.App.2d 385, 387 [229 P.2d 466] ; *Gill* v. *Epstein,* 62 Cal.2d 611, 616 [44 Cal.Rptr. 45, 401 P.2d 397].) ▓▓▓ The order granting such new trial will not be reversed on appeal unless it plainly appears the court abused its discretion. (*Van Ostrum* v. *State of California, supra,* 148 Cal.App.2d 1, 5; *Koyer* v. *McComber, supra,* 12 Cal.2d 175, 180; *Gill* v. *Epstein, supra,* p. 616.) That the reviewing court would not have made the original order is not determinative, and if there is any substantial evidence supporting the trial court's ruling, the appellate court should not interfere. (*Estate of Green,* 25 Cal.2d 535, 543 [154 P.2d 692] ; *Van Ostrum* v. *State of California, supra,* 148 Cal.App. 2d 1, 6.) As in the case where a new trial is granted on the ground of insufficiency of the evidence, on appeal all presumptions favor the order as against the verdict, and ''. . . it is the exclusive province of the trial court to judge the credibility of the witnesses, to determine the probative force of testimony and to weigh the evidence, and it may draw reasonable inferences therefrom opposed to those drawn by the trier of fact at the trial.'' (*Yarrow* v. *State of California,* 53 Cal. 2d 427, 434 [2 Cal.Rptr. 137, 348 P.2d 687].) Where an appellate court reviews the action of a trial court in granting a new trial on the ground of excessive damages, every intendment

must be indulged in support of the action of the court below and its order will not be disturbed if the question of its propriety is open to debate. (*Dreyer* v. *Cyriacks,* 112 Cal.App. 279, 283 [297 P. 35]; *Koyer* v. *McComber, supra,* 12 Cal.2d 175, 180; *Sinz* v. *Owens,* 33 Cal.2d 749, 761 [205 P.2d 3, 8 A.L.R.2d 767].)

It is not necessary to recite the evidence in great detail. Appellant did suffer some permanent disability as the result of her wrist fractures. Her ability to flex her wrists (Palmer flexion) was moderately impaired, and she sustained a marked loss of hand grip, both left and right. On the other hand, other wrist movements (i.e., rotation) were not seriously impaired and her ability to use and move her fingers was very good. Appellant's special damages were relatively low. Her medical and incidental expenses together with lost wages at the date of trial totaled approximately $2,500. No future medical expense was anticipated. She had demonstrated a limited and decreasing earning capacity as a hairdresser in her own home in the years before the accident. Her earnings in the calendar year preceding the accident were slightly in excess of $1,000. Appellant was 61 years of age at the time of the accident. She testified she was no longer able to drive a car or do the work of a hairdresser because of her injuries. Even if this testimony is accepted, her age was such that the trial court was not required to project her damage from lost earning capacity too far into the future. Furthermore, it is apparent from the record the trial judge was of the opinion her injuries were not so disabling as she herself indicated, and he seriously questioned her inability to work or to operate an automobile.

The record substantiates the trial judge's finding the jury's award was influenced by passion and prejudice. During the course of the brief trial, respondent made two motions for mistrial. The first motion was made when a witness who had accompanied appellant to respondent's store two days after the accident alluded to "insurance papers" and "insurance people." The second motion followed testimony by appellant's doctor who offered the information appellant's medical expenses were not covered by insurance. Although the court denied both motions when they were made, it was not precluded from taking these matters into consideration when acting upon the motion for the new trial.

More important than these incidents, however, is the fre-

quency with which plaintiff's poverty and aloneness in the world crept into the testimony In some circumstances, the evidence tending to indicate poverty and engender sympathy toward appellant was proper for other purposes, in some instances it may be said the references thereto were inadvertent; in other instances, however, even the reading of the cold record leads to the conclusion there was a deliberate effort to inject sympathy and prejudice into the case.[2]

Except, as related in the footnote, we shall not repeat any other portions of the testimony. In summary it may be said the record both directly and by innuendo overemphasizes the proposition that appellant was unmarried, living alone, had operated "a little beauty shop" in her home, had no medical insurance, but paid her own medical expenses, had agreed to pay those who had helped her after the accident "when she could" and because of her poor financial situation was required to shop selectively to meet her budget.

The trial judge who heard the testimony and observed the witnesses was in a much better position to gauge the cumulative effect of the matters discussed than we are. Under the above stated rules we cannot substitute our judgment for his even if we desired to do so. ■■■ Certainly we cannot say, as a matter of law, that there is no substantial evidence in the record to support his belief the $37,136 verdict was excessive and that the jury arrived at the verdict through passion and prejudice.

■■■ Finally, we reject appellant's contention the new trial, if granted, should be limited to the issue of damages alone. That question also is appropriately addressed to the trial court's discretion, and its decision will not be reversed on appeal unless an abuse of discretion is shown. (*Leipert* v. *Honold*, 39 Cal.2d 462, 467 [247 P.2d 324, 29 A.L.R.2d 1185]; *Tornell* v. *Munson*, 80 Cal.App.2d 123, 124 [181 P.2d 112].)

---

[2]Throughout his opening statement appellant's attorney used the terms "this tragedy" and "that tragedy" to describe the accident. He continued to use the term in questioning his client before the jury. For example, we find this remark by him following the noon recess: "BY MR. BABCOCK: Q. I believe, Miss Collins, when you left the stand you were discussing something about the differences in your physical condition after *the tragedy* and before and the limitations of what you could do now as compared to prior to the fall. A. Yes." [Emphasis added.] On cross-examination, appellant was questioned concerning the frequency with which she had shopped at respondent's store before the accident for the obvious purpose of showing her familiarity with the area of the fall. Her answer: "A. I would say about once a month. That's a guess, but I would say about once a month depending upon, as I say, my shopping—I live off a budget, so consequently I shop where I can do best on my budget."

 While the power to grant a new trial on the issue of damages alone is recognized by statute (Code Civ. Proc., §§ 657, 662.5), a request for such a trial should be considered with the utmost caution. (*Leipert* v. *Honold, supra,* pp. 466-467; *Bencich* v. *Market Street Ry. Co.,* 20 Cal.App.2d 518, 528 [67 P.2d 398].) Any doubt should be resolved in favor of granting a complete new trial.[3] (*Leipert* v. *Honold, supra,* p. 467; *Keogh* v. *Maulding,* 52 Cal.App.2d 17, 21 [125 P.2d 858].)

 In the instant case the evidence on the issue of liability was in sharp conflict and the questions of respondent's negligence and appellant's contributory negligence were extremely close. The trial judge not only believed the jury arrived at the excessive verdict from passion and prejudice, but indicated he disagreed with the jury's finding on the liability issue. Contrary to appellant's contention here, under such circumstances, the trial judge would have abused his discretion had he limited the retrial to the issue of damages alone, and we would abuse our power of appellate review should we do so in the face of the evidence and the trial court's order. (See *Leipert* v. *Honold, supra,* 39 Cal.2d 462, 467.)

Our decision to affirm the order granting the new trial makes it unnecessary to discuss respondent's cross-appeal on the judgment. In view of our holding that appeal becomes moot and should be dismissed.

The order granting the new trial on all issues is affirmed. The cross-appeal from the judgment is dismissed. Respondents to recover costs on appeal.

Coughlin, Acting P. J., and Whelan, J., concurred.

A petition for a rehearing was denied July 25, 1969, and the petition of appellant Collins for a hearing by the Supreme Court was denied August 27, 1969. Mosk, J., was of the opinion that the petition should be granted.

[3]Since appellant elected not to remit that portion of the verdict required in the order, the matter of the remittitur is not before us except as it may be inconsistent with the order granting the new trial on *all* issues. In a personal injury case where the court has made a specific finding and the jury arrived at an excessive verdict from passion and prejudice, we doubt the propriety of conditioning the order for new trial on the acceptance of a remittitur except where liability was admitted, clearly demonstrated, or the court for other reasons believes the passion and prejudice did not influence the jury's decision on the liability issue. If such a conflict exists, we resolve it in favor of the trial court's decision to grant the new trial on all issues for the reasons expressed in the text of the opinion.