[Civ. No. 9273. Fourth Dist., Div. Two. May 7, 1970.]

JENNY E. CHRISTIAN, Plaintiff and Respondent, v.
CECIL A. BOLLS, Defendant and Appellant.

410

## COUNSEL

King & Mussell and C. L. Vineyard for Defendant and Appellant.

Carroll & Anderson and Allen J. Kent for Plaintiff and Respondent.

## OPINION

**GARDNER, J.**—Plaintiff sought damages for injuries suffered when an automobile in which she was riding was struck by an automobile being operated by the defendant. The jury returned a verdict in favor of the defendant. Plaintiff moved for a new trial which was granted. This appeal is from the order granting the new trial.

Plaintiff was a driver education instructor for Indio High School. The accident in question occurred at the intersection of Monroe Street and Highway 111. Monroe runs north and south with only one designated lane in each direction; however, the street is wide enough to accommodate two lanes of traffic in each direction and is commonly used in such a manner. Highway 111 runs generally east and west and has two lanes designated for traffic in each direction, plus left turn lanes for each direction.

At the time of the accident, plaintiff was riding in a Volkswagen automobile which was being used in the driver education program and was being driven by a student, Elsie Joy. They were traveling south on Monroe as they approached the intersection of Highway 111. The student was instructed to turn left from Monroe onto Highway 111. It was during the process of executing this turn that the collision occurred.

Upon approaching Highway 111, the traffic light was red for traffic on Monroe. Elsie Joy stopped until the light changed to green and then turned on her turning indicator. She proceeded to the center of the intersection, stopped and prepared for a left turn. Another automobile was approaching from the south on Monroe which signalled as if to make a left turn onto Highway 111. Elsie Joy remained in the center of the intersection with her wheels turned slightly to the left. She remained motionless, attempting to determine if the car opposite her was going to actually turn left. She recalled seeing another car approaching from the south on Monroe in the curb lane. She stated that she did not see the automobile driven by the defendant until just a moment before it collided with the front portion of the Volkswagen.

Plaintiff's version of the events leading up to the moment of impact was substantially the same as that of Elsie Joy. At the moment immediately prior to the impact, she was glancing down at a note card. She looked up to see defendant's car approaching within a few feet. She testified that she had earlier seen this same car approaching from the south on Monroe, approximately 70 feet from the intersection. At that time the car was in the same lane of traffic as the car which was waiting to turn left opposite the car in which she was riding. She had no recollection of the actual impact.

Defendant testified that he had been traveling north for several blocks at a speed of between 30 and 35 miles per hour. He approached the intersection of Highway 111 in the lane adjacent to the curb. As he entered the intersection, there was a car to his left waiting to execute a left turn and there were no cars ahead of him in his lane of traffic. He testified that he had remained in the far right lane for some length of time prior to entering the intersection and he denied that he had been in the left lane and had changed from the left lane to the curb to go around the car making the left

turn. He testified that he first noticed the car in which plaintiff was riding just prior to entering the intersection. It appeared to be "lurching" as though the clutch had been disengaged too rapidly. He applied his brakes immediately, causing his car to go into a lock wheel skid and collided with the Volkswagen. His vehicle left 23 feet of skid marks to the point of impact.

A Mr. Spencer was traveling north on Monroe at the time of the collision in question. He testified that he approached the intersection of Highway 111 in the curb lane. He noticed defendant in his rear view mirror following him in the same lane. At approximately 36 feet before reaching the intersection, defendant switched to the left lane and passed Mr. Spencer. At that moment there was a car stopped in the left lane preparing to turn left onto Highway 111. Mr. Spencer testified that defendant switched back to the right hand lane and proceeded into the intersection where the collision took place.

A Mr. Suski was also in the vicinity of Monroe and Highway 111 at the time of the collision. He testified that he was traveling north on Monroe and intended to turn left onto Highway 111. While stopped at the intersection, preparing to turn, he observed the defendant pass to his right and enter the intersection where the collision occurred.

There was extensive testimony by police officers and an expert witness, called by the plaintiff, concerning defendant's speed when he entered the intersection. In essence, it was established that the defendant was traveling between 30 and 35 miles per hour as he entered the intersection and that he applied his brakes some 70 feet before the impact.

Defendant contends:

## I.

### That the Court's Order Granting a New Trial Did Not Adequately State the Reasons on Which the Order Was Made.

Plaintiff made a motion for new trial all on statutory grounds of which grounds 1, 5 and 12 were as follows: "1. Irregularity in the proceedings of the court by which plaintiff was prevented from having a fair trial. 5. An abuse of discretion prevented this plaintiff from having a fair trial. 12. Errors in law occurring at the trial and excepted to by this plaintiff."

The court's minute order granting the motion for new trial was as follows: "The motion for new trial is granted upon the following issues in the Notice of Motion, to wit: 1, 5 and 12."

The statement of reasons for granting the new trial, as contained in the

court's order, was: "The reason for the granting of motion for new trial is that the court is convinced that it erred in refusing to instruct the jury upon plaintiff's theory of wilful and wanton misconduct, and upon the theory of last clear chance and for the court's error in not instructing the jury, despite the stipulation of the parties, that negligence of the driver was not imputed to the plaintiff and having refused such an instruction, its refusal to instruct the jury on this subject as requested by plaintiff."

Code of Civil Procedure, section 657, requires that when a new trial is granted, ". . . the court shall specify the ground or grounds upon which it is granted and the court's reason or reasons for granting the new trial upon each ground stated."

A statement of reason is sufficient if it furnishes concise but clear statements of the reasons to find one or more of the grounds of the motion to be applicable to the case. (*Mercer* v. *Perez,* 68 Cal.2d 104, 115 [65 Cal. Rptr. 315, 436 P.2d 315].) It is not necessary for the court to cite page and line of the record or discuss the testimony of a particular witness, but instead it need only point out the particular deficiency of the prevailing party's case which convinces him the judgment should not stand. This will allow a reviewing court to determine if there is any basis for such a deficiency. (*Kincaid* v. *Sears, Roebuck & Co.,* 259 Cal.App.2d 733, 738 [66 Cal.Rptr. 915].)

In this case while the statement of the court was brief, it clearly indicates the error the court felt it committed in refusing particular instructions. If the court's statement had merely stated that errors at law existed for failure to give certain instructions without specifying the instructions in question, the order would be defective. However, by specifying each instruction, the trial court enabled this court to easily consider whether any basis exists for finding such error. It is obvious that the new trial was granted because the trial court refused certain jury instructions requested by the plaintiff and the court's feeling that its failure to do so was irregular, an abuse of discretion and in error, all to the prejudice of the plaintiff. The trial court's order is clear.

Appellant would have us construe Code of Civil Procedure, section 657, and *Mercer* v. *Perez, supra,* 68 Cal.2d 104, as meaning that when a trial court grants a motion for a new trial on the ground that it has erroneously instructed a jury, it must in its reasons for the ruling point out the evidence in the record on which it makes such a determination, i.e., that the instruction was erroneous or that the failure to give an instruction was error. This is unrealistic. Such a construction of Code of Civil Procedure, section 657, would place on the shoulders of a busy trial judge the necessity of preparing what would be tantamount to a written appellate opinion in each such case.

A trial judge simply does not have the uninterrupted time to prepare such a document, nor does the law demand it. ██ In this case the judge stated the *grounds*, i.e., failure to properly instruct the jury and the *reason*, i.e., the particular instruction omitted. From this it is not particularly difficult for the parties or this court to ascertain whether or not there is evidence in the record to sustain the court's ruling.

The statement of reasons given by the trial court in this case is sufficient and complies with Code of Civil Procedure, section 657.

## II.

THAT THE NEW TRIAL WAS NOT WARRANTED BECAUSE THE COURT DID NOT COMMIT ERROR BY FAILING TO GIVE CERTAIN INSTRUCTIONS.

██ "It is well settled that the granting of a motion for a new trial rests so completely within the discretion of the trial court that its action will not be disturbed unless a manifest and unmistakable abuse of discretion clearly appears. [Citations.] ██ On appeal all presumptions are in favor of the order granting a new trial [citations] and the order will be affirmed if it may be sustained on any ground [citations], although the reviewing court might have ruled differently in the first instance. [Citations.]" (*Brandelius* v. *City & County of San Francisco,* 47 Cal.2d 729, 733-734 [306 P.2d 432].)

Even in cases in which an instruction is given and a new trial granted on the ground that the instruction was erroneous, the order granting the motion for new trial will not be disturbed unless the questioned instruction was absolutely accurate and under no reasonable interpretation could possibly have misled or confused the jury. (*Bolton* v. *Martin,* 126 Cal.App.2d 178, 180 [271 P.2d 991]; see also *Shaw* v. *Pacific Greyhound Lines,* 50 Cal.2d 153, 159 [323 P.2d 391].) If the challenged instruction was erroneous in any degree or even if it is only "fairly debatable" that such an instruction may have been misleading, the broad discretion of the trial court may not be disturbed. (*Shaw* v. *Pacific Greyhound Lines, supra.*)

██ ". . . a party has a *right* to instructions on his theory of the case, if it is reasonable and finds support in the pleadings and evidence or any inference which may be properly drawn from the evidence." (2 Witkin, Cal. Procedure (1954) § 52, p. 1780.) ██ "Each party is entitled to have his theory of the case submitted to the jury in accordance with the pleadings and proof [citation], and it is incumbent upon the trial court to instruct on all vital issues involved [citations]." (*Sills* v. *Los Angeles Transit Lines,* 40 Cal.2d 630, 633 [255 P.2d 795].)

██ A reviewing court must review the evidence most favorable to the

contention that the requested instruction is applicable since the parties are entitled to an instruction thereon if the evidence so viewed could establish the elements of the theory presented. (*Selinsky* v. *Olsen,* 38 Cal.2d 102 [237 P.2d 645].)

Applying the above principles to the instant case, it is clear that support exists for the trial court's rulings for some of the reasons specified.

## A.

■ The plaintiff requested, and the trial court refused, an instruction on the doctrine of last clear chance. Her theory was that if the jury found a joint venture between herself and Miss Joy and, in turn, found Miss Joy to have been negligent such negligence could be imputed to the plaintiff. Therefore, if contributory negligence became an issue, the jury should be aware of the doctrine of last clear chance as a negating factor to the defense of contributory negligence.

■ The purpose of the last clear chance doctrine is to relieve the injured party from the rigid application of the rule of contributory negligence in proper circumstances. In essence it holds a defendant liable, if, immediately prior to injuring another, he had the superior opportunity to avoid it. (Prosser on Torts (2d ed. 1955), p. 290.) Our Supreme Court has referred to it as the "humanitarian doctrine." (*Brandelius* v. *City & County of San Francisco, supra,* 47 Cal.2d 729, 739.)

■ The doctrine of last clear chance is applicable when: (1) The plaintiff was in a position of danger and by his own negligence became unable to escape from such position by the use of ordinary care, either because it became physically impossible for him to escape or because he was totally unaware of the danger. (2) The defendant knew that plaintiff was in a position of danger and further knew or in the exercise of ordinary care should have known that plaintiff was unable to escape therefrom. (3) Thereafter defendant had the last clear chance to avoid the accident by the exercise of ordinary care but failed to exercise such last clear chance and the accident occurred as a proximate result of such failure. (*Brandelius* v. *City & County of San Francisco, supra,* 47 Cal.2d 729,740.)

■ Viewing the evidence in this case most favorably to the contention that the principle of last clear chance is applicable, it must be concluded that the trial court had before it evidence on which it should, upon request, have instructed on this doctrine.

It was the defendant's own testimony that the car in which the plaintiff was riding was "lurching" across the middle of the intersection in a lefthand turn against oncoming traffic which was so near as to constitute a hazard

at some time during the turning movement. (Veh. Code, § 21801.) This suggests negligence on the part of the driver. Defendant's view of the intersection was unobstructed. It may, therefore, be inferred that he was aware of the dangerous situation in which the plaintiff had been placed. Finally, by using his brakes in the manner in which he did, he caused his car to enter a locked-wheel skid which resulted in a lack of steering ability of the car. There was evidence that he saw plaintiff's car some 70 feet from the point of impact. Thus, there was evidence that a jury, properly instructed on the doctrine of last clear chance, could have found that the defendant could have avoided the collision by swerving instead of applying his brakes or by applying his brakes sooner.

 Viewing the evidence in this light, which is sustained by the record, and reasonable inferences to be drawn therefrom, there was evidence on which the court should have instructed on the doctrine of last clear chance when requested so to do by the plaintiff. (*Selinsky* v. *Olsen, supra,* 38 Cal.2d 102.) Thus, it was not an abuse of discretion for the court to grant a motion for new trial on the ground that instructions on last clear chance should have been given to the jury.

## B.

 The parties stipulated that the court give BAJI instructions 210-E and 210-F. These instructions, in substance, advised the jury that if a driver and passenger of an automobile are in joint or common venture, then the contributory negligence of the driver may be imputed to the passenger. The plaintiff also requested BAJI 210-J and 210-O.

The note preceding BAJI 210-E advises that that instruction should always be followed by BAJI 210-F, which was done, possibly by instructions 210-G and 210-H as the trial court's discretion may determine, then by instruction 210-J. Instruction 210-J provides, in substance, that if a joint venture is *not* found between driver and passenger, the passenger's valid claim for relief cannot be barred by the negligence of the driver. (Instruction 210-O is merely an additional refinement in this field pointing up the problem of proximate cause.) Instruction 210-J is intended to emphasize that if no joint venture is found, no contributory negligence is imputable. It is well within the sound discretion of the trial court to determine whether these other instructions were necessary for the jury's complete understanding of the legal principles involved.

We can find no abuse of discretion on the part of the court in granting a motion for new trial based on its own failure to give these additional refinement or explanatory instructions. On the other hand, had the additional instructions been given, there would certainly have been no abuse

of discretion on the part of the trial court. This is simply a matter which comes within the general rule that before this court may interfere with the ruling of the trial court, it must find a manifest and unmistakable abuse of discretion. This, we are unable to do.

## C.

Another ground stated by the trial court for the granting of the motion for new trial was its failure to instruct on wilful and wanton misconduct.

Wanton or wilful misconduct "implies the intentional doing of something either with knowledge, express or implied, that serious injury is a probable, as distinguished from a possible, result, or the intentional doing of an act with a wanton and reckless disregard of its consequences." (*Williams* v. *Carr,* 68 Cal.2d 579, 584 [68 Cal.Rptr. 305, 440 P.2d 505].)

While the essence of wilful misconduct is essentially a question of fact to be submitted to the jury (*Hill* v. *Perry,* 224 Cal.App.2d 290, 295 [36 Cal.Rptr. 530]), there must be some evidence to sustain such a theory.

We find a total lack of evidence indicating wilful or wanton misconduct in this case and were the case to turn on the failure to give this instruction, we would find it to have been an abuse of discretion to grant a new trial. The defendant, with the green light in his favor, went through an intersection at a speed of 30 to 35 miles per hour and collided with an automobile which was making a left turn. These circumstances might be the basis for a finding of negligence. They totally lack substance for the finding of wilful or wanton misconduct.

Nevertheless, the ruling of the trial court in regard to the instructions on last clear chance and joint venture are sufficient grounds for the granting of the motion.

The court did not abuse its discretion or commit error in granting the plaintiff a new trial. The order granting a new trial is affirmed.

Kerrigan, Acting P. J., and Tamura, J., concurred.