HENRIETTA HARRIS, APPELLANT, v. LOUIS ZEE AKA ZEE LOUIS, RESPONDENT.

No. 6405

June 28, 1971                    486 P.2d 490

[Rehearing denied July 20, 1971]

*Charles L. Kellar,* of Las Vegas, for Appellant.

*Denton & Monsey,* of Las Vegas, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

In this personal injury action the jury favored the plaintiff with its verdict for $10,000 compensatory damages. Her special damages were in the sum of $529.50 and the balance of

the award was for pain and suffering. The district court, believing that the award was excessive, granted the defendant's motion for a new trial unless the plaintiff would accept a remittitur of $7,500. This, the plaintiff refused to do, choosing instead, to challenge the propriety of the court's order by this appeal.

The plaintiff, a domestic worker, was eating a dinner of string beans, rice and chicken at the defendant's Louisiana Club. She swallowed an object which stuck in her throat, and commenced vomiting. She was taken to the emergency room of the Southern Nevada Memorial Hospital where the doctor ordered an esophagoscopy. A small metal fragment was visualized in the upper part of the esophagus. It soon passed into the stomach or the digestive system and was not recovered. She remained in the hospital overnight and was released. Thereafter, she was treated by her doctor for about one month. At the time of trial some three years later she claimed that her voice was hoarse and that she still had trouble speaking. Her testimony and that given by her doctors is not disputed. The defendant did not offer medical evidence.

The trial court possessed the power to enter the order here challenged. NRCP 59(a)(6); Hotel Riviera, Inc. v. Short, 80 Nev. 505, 396 P.2d 855 (1964); Brownfield v. Woolworth Co., 69 Nev. 297, 251 P.2d 589 (1952). This court also possesses that power. Miller v. Schnitzer, 78 Nev. 301, 371 P.2d 824 (1962); Henry v. Baber, 75 Nev. 59, 334 P.2d 839 (1959); Knock v. T. & G. R. R. Co., 38 Nev. 143, 145 P. 939 (1914); Konig v. N. – C. – O. Ry., 36 Nev. 181, 135 P. 141 (1913); Cutler v. P. S. P. M. Co., 34 Nev. 45, 116 P. 418 (1911); Christensen v. Floriston P. Co., 29 Nev. 552, 92 P. 210 (1907).

When the trial judge orders a remittitur damnum and we are asked to review his action, the test is whether he abused his discretionary power. Gill v. Epstein, 401 P.2d 397 (Cal. 1965). This is an elusive standard. We must accord deference to the point of view of the trial judge since he had the opportunity to weigh evidence and evaluate the credibility of witnesses—an opportunity foreclosed to this court. To this extent the appeal is weighted in favor of the order entered, and when there is a material conflict of evidence as to the extent of damage, a challenge to the trial court's exercise of discretion is

substantially repelled. However, this is not so when the evidence regarding damage is not in conflict. The order to remit immediately becomes suspect unless the amount awarded by the jury, standing alone, is so excessive as to suggest the intrusion of passion and prejudice upon its deliberations.

In the case at hand the award of $10,000, when considered in the light of the undisputed evidence, does not indicate passion or prejudice on the part of the jury. An allowance of $3,000 a year for three years of voice distress is within reasonable limits. Our judicial conscience is not shocked [Miller v. Schnitzer, 78 Nev. 301, 309, 371 P.2d 824 (1962)] and we are unable to perceive why the trial judge was offended. He did not state his reasons for diminishing the plaintiff's recovery on the ground of excessiveness. In these circumstances we do not hesitate to reinstate the verdict of the jury and the judgment entered thereon.

Reversed.

ZENOFF, C. J., BATJER and GUNDERSON, JJ., concur.

MOWBRAY, J., dissenting:

Respectfully, I dissent.

It is axiomatic that a trial judge has the power to review the evidence and draw reasonable inferences therefrom in passing on the question whether a jury has awarded excessive damages in a trial heard before him. Collins v. Lucky Mkts., Inc., 79 Cal.Rptr. 454 (Cal.App. 1969), and Gordon v. Strawther Enterprises, Inc., 78 Cal.Rptr. 417 (Cal.App. 1969). In doing so he must, however, keep in mind the provisions of NRCP 59(a)(6):

"*RULE 59. NEW TRIALS; AMENDMENT OF JUDGMENTS*

"*(a) Grounds.* A new trial may be granted to all or any of the parties and on all or part of the issues for any of the following causes or grounds materially affecting the substantial rights of an aggrieved party: . . . (6) Excessive damages appearing to have been given under the influence of passion or prejudice; . . ."

At just what point an excessive award can be deemed the result of prejudice or passion is difficult to say. Each case must turn on its own facts. Certainly, the reward must be substantially excessive in light of all the plaintiff's evidence, to support such a finding.

In this case, the maximum amount of Henrietta's specials

did not exceed $529.50. The district judge concluded that the $10,000 was so excessive as to warrant a new trial unless Henrietta would agree to accept a $7,500 remittitur of the $10,000 judgment. This, I believe, was cutting too close to the bone. An appellate court does have the power to fix the amounts of remittiturs, and I would take the opportunity to do so in this case. See Cartier v. Liberty Laundry, Inc., 139 A. 473 (R.I. 1927).

It would be my judgment based on the evidence in the record that the remittitur should be fixed in the sum of $5,000. This in my opinion would be fair to all the parties. Therefore, I would affirm the order of the district court granting a new trial unless the appellant would be willing to accept a remittitur of $5,000 of the $10,000 verdict.