[Civ. No. 38190. Second Dist., Div. One. Dec. 8, 1971.]

ROGER L. HANDELMAN, Plaintiff and Appellant, v.
VICTOR EQUIPMENT CO., Defendant and Respondent.

## COUNSEL

Grisham, Vendenberg & Nott and Jack E. Grisham for Plaintiff and Appellant.

Schell & Delamer, Richard C. Du Par and Charles H. Carpenter for Defendant and Respondent.

## OPINION

**LILLIE, J.**—Plaintiff appeals from an order granting defendant a new trial upon the ground that the sum awarded as general damages by the jury

($70,000) was insufficiently supported by the evidence and, therefore, excessive; the court further ordered that the new trial be limited to the issue of damages.[1]

By occupation a professional deep water helium diver, plaintiff sustained an attack of oxygen poisoning resulting from an incorrect mixture of diving gas (the amount of oxygen being disproportionate to that of helium) supplied by defendant company. While various items of plaintiff's damage were set forth in his complaint for personal injuries, the jury's general verdict failed to segregate such items which included loss of earnings and earning capacity. In its order granting a new trial, the court expressed its dissatisfaction with the sufficiency of the evidence as to these latter items. Pursuant to section 657, Code of Civil Procedure,[2] the court also stated that its order was based upon that ground, at the same time specifying its reasons for that conclusion.

Section 657, as amended in 1965 and 1967, also provides in pertinent part that on appeal from an order granting a new trial upon the ground of excessive damages, "it shall be conclusively presumed that said order as to such ground was made only for the reasons specified in said order or said specification of reasons, and such order shall be reversed as to such ground only if there is no substantial basis in the record for any of such reasons." Although plaintiff makes the rather sweeping specification of error that the court's order did not comply with the statute, it is not urged that the *ground* for granting the motion is not explicitly set forth. ▮ Apparently, therefore, the determinative question here is the existence of "substantial basis in the record" for the reasons specified by the court; under the heading "Ruling on Motion for New Trial" such reasons in their entirety are set forth below.[3]

---

[1] Although plaintiff's notice of appeal encompasses the order in its entirety, his briefs do not challenge that portion of the order granting a limited new trial.

[2] Section 657, Code of Civil Procedure, provides in pertinent part that "When a new trial is granted, on all or part of the issues, the court shall specify the ground or grounds upon which it is granted and the court's reason or reasons for granting the new trial upon each ground stated."

[3] After rejecting other grounds urged on the motion for new trial, the court stated: "On the question of damages, however, the evidence lacked sufficient probative value to support a verdict in the amount returned by the jury. The main thrust of plaintiff's evidence in this connection was that plaintiff had chosen and was pursuing a career of deep water diving by which was meant diving to depths where the element for sustaining life was a mixture other than air, namely, a mixture of helium and oxygen. It was brought out by the evidence that the mixture of helium and oxygen must be in very precise proportions, otherwise the mixture is dangerous and can produce severe consequences to the diver. A few days before the incident involving plaintiff, his companion had suffered severe injury because of a faulty mixture. When, a few days later, plaintiff on his dive discovered something wrong with his mixture he was able, probably aided by the knowledge of his companion's experience, to take

In support of his claim that no such substantial basis can be found, plaintiff advances the principal contention that the court predicated its reasons upon an erroneous legal proposition, namely, that general damages must be based upon some showing of financial loss to the victim. The subsidiary claim is also made that the specification of reasons was too meager in content, plaintiff being particularly critical of the court's failure to mention testimony which would support a conclusion contrary to that reflected by the order. In this latter regard, he cites *Scala* v. *Jerry Witt & Sons, Inc.*, 3 Cal.3d 359, 370 [90 Cal.Rptr. 592, 475 P.2d 864], which assertedly stands for the rule that more is expected of a trial court carrying out the mandate of section 657 than was done here.

■ It should be pointed out, initially, that impairment of earning capacity is not the same as the actual (and established) loss of wages between the occurrence of the injury and the date of trial; the latter can be proved with reasonable certainty and are recoverable, therefore, as special damages. (*Swanson* v. *Bogatin,* 149 Cal.App.2d 755, 758 [308 P.2d 918].) On the other hand, "Loss of earning power is an element of general damages which can be inferred from the nature of the injury, without proof of actual earnings or income either before or after the injury, and damages in this respect are awarded for the loss of ability thereafter to earn money." (*Connolly* v. *Pre-Mixed Concrete Co.,* 49

---

steps to rise to the surface properly and gradually so as to avoid injury. The evidence showed that he, in fact, suffered no substantial if any, bodily injury. The basis of his claim is that he has suffered a psychological detriment which, while it has not prevented him from doing deep dives with helium oxygen mixture since the incident, he only did these dives when the situation necessitated it, such as shortage of other divers, etc. Plaintiff testified that his goal in life was to become the world's greatest deep diver. He testified further that though he has been able to carry out deep dives since the incident in question, the psychological impact on him of the incident has been such as to create fears and anxities [*sic*] on his part when doing these dives with the result that he is no longer willing to do this work and feels no longer fully capable of performing the work properly under all the various circumstances that may face a diver during such work. His claim is, therefore, that his life's goal has been taken from him. This, no doubt, could be a very substantial psychological detriment but the evidence failed to show wherein this has caused him any substantial financial detriment or what it will cost him financially in the future. While it is true that loss of earning capacity is a general damage which does not require expert testimony or precise evidence as to what amount should be proper to award, the fact is that here the evidence fails to show any actual loss of earning capacity as such. For all that appeared from the evidence, the plaintiff has been earning, and is capable of earning, as much money by way of various diving and administrative duties and activities as he was previously when limiting himself to deep diving as a career. Therefore, on his loss of earning capacity it comes down pretty much to a matter of speculation and it is difficult to see upon what the jury based its verdict. There were no records of plaintiff's earnings since the incident, put into evidence. Plaintiff's counsel answers this by stating that these records were made available to defendant, which he had the right to produce had he seen fit to do so. However, the burden of proof of damages suffered by the plaintiff is not upon the defendant."

Cal.2d 483, 489 [319 P.2d 343].) Much emphasis is placed by plaintiff upon the court's statement that the evidence fails to show any actual loss of earning capacity as well as its further statement relative to the absence of any showing that his asserted "psychological detriment" or emotional trauma caused any financial detriment, present or prospective. Citing the *Connolly* case, plaintiff contends that the above statements disclose an erroneous concept of the governing law; therefore, "if it appears on appeal that a trial court in granting a new trial based its order exclusively upon an erroneous concept of legal principles applicable to the cause, its order will be reversed. . . ." (*Conner* v. *Southern Pacific Co.,* 38 Cal.2d 633, 637 [241 P.2d 535].)

The key word in the quoted excerpt from *Conner* is "exclusively," and the rule there invoked becomes inapplicable if the legal principle, while stated, has not been erroneously applied. That is clearly the situation here. The trial court recognized that loss of earning power can be compensated without proof of actual earnings before or after the injury; but it determined that "For all that appeared from the evidence, the plaintiff has been earning, and is capable of earning, as much money by way of various diving and administrative duties and activities as he was previously when limiting himself to deep diving as a career." The court also made reference to the "psychological impact" on plaintiff of the particular incident alleged in the complaint, stating further that plaintiff now claims that he cannot "fully" perform the same occupational responsibilities encountered before the accident. The above observations, as well as other statements of the trial court in its "Ruling," sufficiently fulfill the purposes of the statute; by thus "articulating the bases of his decision" (*Mercer* v. *Perez,* 68 Cal.2d 104, 115 [65 Cal.Rptr 315, 436 P.2d 315]), the trial judge narrowed the scope of review to manageable proportions, facilitating review by this court and, by the same token, enabling plaintiff to "address himself [only] to those asserted deficiencies in the proof which are specified as reasons for the order." (*Supra,* p. 115.) Several times since *Mercer* reviewing courts have declared that it is not necessary for the trial judge to cite page and line of the record or discuss the testimony of a particular witness. (*Kincaid* v. *Sears, Roebuck & Co.,* 259 Cal.App.2d 733, 738 [66 Cal.Rptr. 915]; *Christian* v. *Bolls,* 7 Cal.App.3d 408, 414 [86 Cal. Rptr. 545].) As properly pointed out in *Christian,* "Such a construction of Code of Civil Procedure section 657, would place on the shoulders of a busy trial judge the necessity of preparing what would be tantamount to a written appellate opinion in each such case." (P. 414.)

It is clear to us, if assertedly not to the plaintiff, that the trial court had in mind several items of evidence which would support a different award than that fixed by the jury. Our inquiry is limited in this regard,

for only when it can be said as a matter of law that there is no substantial evidence to support a contrary judgment should an appellate court overrule the action of the lower court in granting a new trial. (*Brooks* v. *Metropolitan Life Ins. Co.,* 27 Cal.2d 305, 307 [163 P.2d 689].) ■ As pointed out in *Mercer,* the amendments to section 657 have changed neither the broad powers given the trial court in ruling on motions for new trial nor the appellate approach to such a ruling when challenged: "Such a motion is addressed to the judge's sound discretion; he is vested with the authority, for example, to disbelieve witnesses, reweigh the evidence, and draw reasonable inferences therefrom contrary to those of the trier of fact; on appeal, all presumptions are in favor of the order as against the verdict, and the reviewing court will not disturb the ruling unless a manifest and unmistakable abuse of discretion is made to appear. . . ." (68 Cal.2d at p. 112.)

■ Except for what is described by his doctor as "post-traumatic neurosis," plaintiff sustained no injury as a result of the particular incident. Although plaintiff testified that a deep dive is anything beyond 180 feet in depth, and, although his ambition (as indicated in the trial court's ruling) was to be "the world's greatest deep diver," plaintiff told his doctor in October of 1965 (some 20 months after the incident) that he had made approximately 50 dives since the incident, 10 of which dives were beyond the 240-foot level. It further appears that within three months after the accident plaintiff made 20 dives in excess of 200 feet. Prior to the accident, plaintiff himself stated, his deepest dive had been approximately 260 feet in depth; his first opportunity to exceed that depth occurred in the latter part of 1964 (several months after the accident), and he experienced no difficulty in making several such dives. A year or so before the trial (October 1969), plaintiff had a diving job for three months at Cook Inlet, Alaska, where the dives ranged from 40 feet to 125 feet in depth; in this regard, plaintiff testified that opportunities to make deep dives do not occur very often. Finally, in the late fall of 1968, plaintiff made two dives off Santa Barbara to a depth of 290 feet.

Plaintiff argued below, and argues here, that he has been limited in his career as a professional deep diver because of his loss of courage and confidence, directly attributable to the incident alleged in his complaint. In conflict with such claims, however, are the several dives mentioned above, some of which exceeded the greatest depth (260 feet) reached by him before suit was commenced. Furthermore, quite significantly plaintiff's complaint was originally filed in the municipal court and asked for $3,000 general damages plus special damages and loss of earnings. Manifestly the claims of emotional trauma dictated the increase in plaintiff's demand and the transfer of his action to the superior court; but the eviden-

tiary matters, above alluded to, sustain the trial court's determination that such trauma or "the psychological impact on him of the incident" did not justify the award in the amount fixed by the jury.

Additionally, there was evidence that plaintiff considered diving was not his main function—at least his deposition (taken in 1967 and parts of which were read to him in open court) so discloses. At the time of trial plaintiff was engaged in various administrative duties as a partner in a California concern. Lastly, and in addition to the above evidentiary picture of plaintiff's employment status, there is the failure of plaintiff to introduce documentary evidence that he had lost any earnings as the result of the particular happening; true, there was oral testimony of such asserted damage,[4] but it conflicts with plaintiff's original appraisal of his loss of earning capacity when he filed his action in the municipal court and, pursuant to the rule referred to in *Mercer, supra,* could have been disbelieved or accorded little weight.

Much is made of the holding in *Connolly* v. *Pre-Mixed Concrete Co., supra,* which restated the rule relied on by plaintiff here. The case, however, is distinguished on its facts and, as thus so often happens, the law of one case is not applicable to another. Plaintiff Connolly was a champion amateur tennis player who, at the time of the accident complained of, was about to enter the professional tennis ranks. She could not then prove that she had ever been gainfully employed, although there was abundant proof of her ability to make money as a professional—various witnesses rendered opinions based on their experience and information concerning the amounts earned by other tennis professionals, one such witness having conducted two professional tours. In our case, however, plaintiff had been, and was, gainfully employed; the fact that he failed to demonstrate satisfactorily the loss of any earnings for the five and one-half year interval between the incident and the trial is certainly some evidence that his earning capacity will not be substantially impaired in the future. In such circumstances, the trial court was sufficiently warranted in concluding that the award for that alleged item of damage was excessive. ▪ "The trial judge not only has the discretion to grant a new trial on the ground of excessive damages, but it is his duty to do so, . . . if under the evidence he believes [the verdict] to be too large. [Citations.]" (*Collins* v. *Lucky Markets, Inc.,* 274 Cal.App.2d 645, 652 [79 Cal.Rptr. 454].)

▪ Plaintiff makes the subsidiary contention that the trial court, contrary to *Scala* v. *Jerry Witt & Sons, Inc., supra,* 3 Cal.3d 359, failed to

[4]For example, he told his doctor that he made $30,000 the year before the accident in 1964, and that his earnings for the first nine months of 1965 were down $7,000.

provide an adequate specification of its reasons for the decision it reached. In *Mercer* v. *Perez,* 68 Cal.2d 104 [65 Cal.Rptr. 315, 436 P.2d 315], it was pointed out that "No hard and fast rule can be laid down as to the content of such a specification, and it will necessarily vary according to the facts and circumstances of each case." (P. 115.) Plaintiff's claim is without merit; the trial court articulated the bases of its ruling in sufficient measure to facilitate not only plaintiff's challenge thereto but this court's task in reviewing the propositions urged on appeal.

The order is affirmed.

Wood, P. J., and Clark, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 3, 1972.