LUCINI/PARISH INSURANCE, INC., AND WILLIAM PAR-
ISH, APPELLANTS AND CROSS-RESPONDENTS, v. RAY
LUCAS, RESPONDENT AND CROSS-APPELLANT.

No. 18210

April 25, 1989                         772 P.2d 317

*Jon Douglas Benson,* Reno, for Appellants and Cross-Respondents.

*Conner and Steinheimer,* Reno; *Diehl, Steinheimer, Riggio, Haydel and Mordaunt* and *Scott Malm,* Stockton, California, for Respondent and Cross-Appellant.

---

[8]THE HONORABLE JUSTICE JOHN MOWBRAY voluntarily recused himself from these matters.

## OPINION

*Per Curiam:*

In July of 1984, respondent, Ray Lucas, telephoned appellant, Lucini/Parish Insurance, Inc., regarding crop insurance. Lucas called Parish again on August 9, 1984, to commence coverage. Lucas testified that Parish assured him that coverage was effective immediately. Parish denied that he gave any such assurances to Lucas. Parish sent Lucas a certified letter the following day stating that a signed application was necessary to bind the coverage. However, Lucas did not receive this letter until August 31, 1984, one day after a hailstorm destroyed most of his barley and wheat crops.

Lucas sued when the insurance company and appellants refused to pay for the loss. Before trial, the insurance company was dropped from the suit, along with the causes of action for breach of contract and covenant of fair dealing. The case proceeded to trial against appellants on theories of negligent misrepresentation, breach of fiduciary duty and deceit by nondisclosure of facts. The jury awarded Lucas $183,268.00. The award included $113,268.00 in crop damages and $70,000.00 in lost profits for 1985. The district court ordered remittitur of the 1985 lost profits award on the basis that it was not supported by the evidence and appellants' motion for a new trial was denied. Both parties appealed.

Appellants contend that the district court erred in denying them a new trial because one of the instructions given to the jury was

erroneous. Specifically, appellants contend that Instruction No. 14 was erroneous as it instructed the jury on matters irrelevant to the issues involved.[1]

Appellants bear the burden of demonstrating that the instruction was erroneous and that a different result was probable had the erroneous instruction not been given. *See* Truckee-Carson Irrigation District v. Wyatt, 84 Nev. 662, 448 P.2d 46 (1968), *cert. denied,* 395 U.S. 910 (1969). It is error to instruct the jury on matters irrelevant to the issues involved. *See* Cutler v. Pittsburg Silver Peak Gold Mining Co., 34 Nev. 45, 116 P. 418 (1911).

The suit was tried upon issues of negligence. Lucas claimed that Parish had negligently misrepresented that he (Parish) could bind coverage orally over the telephone. The key issues involved were whether Parish made the representations and whether Lucas justifiably relied upon the representation. The instruction was helpful to the jury in deciding whether an insured could reasonably rely upon assurances that an oral binder existed. Therefore the instruction did not concern matters irrelevant to the issues involved and was not erroneous.

Furthermore, the determining factor in the action was whether the jury believed Lucas or Parish. If the jury believed Lucas then it would have found that Parish had represented that he could bind the coverage over the telephone. If the jury believed Parish then it would have found that no such representation had been made. The jury chose to believe Lucas. The instruction could not have affected the jury's determination. Therefore, it is not probable that the jury would have reached a different conclusion even if the instruction had not been given.

Lucas contends in his cross-appeal that the district court erred in ordering remittitur of the jury's award of $70,000.00 for lost profits to zero. The standard of review for such a decision is abuse of discretion. Harris v. Zee, 87 Nev. 309, 486 P.2d 490 (1971). The trial judge has the opportunity to evaluate the evidence and witnesses, and his decision must be granted deference. *Id.* On the other hand, when the evidence is not in conflict, a

---

[1]Instruction 14 provided:

[w]here an applicant for insurance and a broker having authority enter into an oral insurance agreement which includes the risk insured against, the amount of insurance and the amount of premium, ordinarily a binding insurance contract results.

174

decision to order remittitur "becomes suspect unless the amount . . . is so excessive as to suggest the intrusion of passion and prejudice." *Id.*

The evidence concerning lost profit was not conflicting. Lucas testified that his profit from the 560 acres amounted to approximately $150.00 per acre. He asked for and received lost profits amounting to $125.00 per acre, a reasonable amount. Appellants assert that because the entire farming operation showed a loss for income tax purposes Lucas could not have made any profit from crops. The fact that Lucas' farming operation as a whole showed a loss for income tax purposes is not conflicting evidence of the profitability of the crops involved. The loss could have been caused by other portions of Lucas' farming operation or simply income tax accounting methods. Appellants did not present any evidence regarding the cause of the loss. Thus, the evidence could not be viewed as conflicting. Therefore, the district court erred by ordering remittitur.

Accordingly, we order the jury verdict awarding respondent $70,000.00 in lost profit reinstated and affirm the judgment in all other respects.[2]

---

[2]The Honorable Robert E. Rose, Justice, did not participate in the consideration of this appeal.