An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

ALEXA WAGASKY, BY AND
THROUGH HER MOTHER AND
GUARDIAN, SACHA MITCHELL; AND
SACHA MITCHELL, INDIVIDUALLY,
Appellants,
vs.
SUZANNE MILLER, INDIVIDUALLY
AND BRAD MILLER, INDIVIDUALLY,
Respondents.

No. 59618

FILED

MAR 2 9 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a district court order granting additur to a judgment on a jury verdict. Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge.

Appellants Sacha Mitchell and Alexa Wagasky, Mitchell's daughter, filed a negligence action against respondent Suzanne Miller, seeking damages for injuries that allegedly occurred due to a rear-end collision. Miller admitted fault for the automobile accident but contested the requested damages. Following a jury trial, the jury awarded appellants a portion of their medical expenses but did not award them damages for past or future pain and suffering. Appellants moved the district court for a new trial or additur based upon the attorney misconduct. After a hearing, the district court granted the motion or, alternatively, a $15,000 additur, determining that the award of medical

SUPREME COURT
OF
NEVADA

(O) 1947A

13-09328

expenses was inadequate. Miller accepted the additur and appellants appealed.[1]

On appeal, appellants contend that the district court abused its discretion when it presented an inadequate additur given the evidence presented at trial. Miller asserts that appellants should not be able to appeal from a judgment in their favor and yet seek to retract the condition upon which it was obtained. Miller also challenges the reviewability of the additur award when the record lacks the requisite hearing transcript. While we conclude that appellants may appeal from the grant of their motion, we further conclude that the additur award is not reviewable in this instance as the record is devoid of the hearing transcript explaining why the amount of additur was awarded.

Appealability

Appellants argue that this court must remedy the manifest injustice caused by the inadequate additur. Miller contends that appellants have cited no authority that would allow them to continue litigating in this court after having successfully sought additur. Here, Miller elected to accept the additur rather than undergo a new trial. Because appellants never acquiesced to the adjusted award, we conclude that they are not barred from claiming that the district court abused its discretion in the amount of the adjustment. Cf. Woodworth v. Chesbrough, 244 U.S. 79, 80-82 (1917) (dismissing a case filed by appellant, who voluntarily remitted part of the award and subsequently appealed the award, as he "is in the somewhat anomalous position of

---

[1]The parties are familiar with the facts and we do not recount them further except as is necessary for our disposition.

SUPREME COURT
OF
NEVADA

(O) 1947A

having secured a judgment . . . and yet seeking to retract the condition upon which it was obtained"); B.C. Ricketts, Annotation, Party's Acceptance of Remittitur in Lower Court as Affecting His Right to Complain in Appellate Court as to Amount of Damages for Personal Injury, 16 A.L.R.3d 1327, 1329 § 2 (1967) (stating that "a party who accepts a remittitur of a portion of a jury verdict deemed excessive by the trial judge, in lieu of being obliged to undergo the expense and risks of a new trial, has made an election and is thereby precluded on appeal from complaining of the amount of the judgment awarded him"); see also Lucini/Parish Insurance v. Lucas, 105 Nev. 171, 172, 772 P.2d 317, 318 (1989) (permitting a challenge to remittitur on cross-appeal by a prevailing party that did not accept the reduced award). Just as remittitur is appealable by the non-consenting party, we conclude that additur is appealable under these circumstances as well. See Drummond v. Mid-West Growers, 91 Nev. 698, 712, 542 P.2d 198, 208 (1975) ("There is no essential difference between the procedures appropriate for remittitur and additur.").

Sufficiency of the record

Appellants argue that the district court properly granted their motion for a new trial based upon the attorney misconduct but then abused its discretion by granting the inadequate additur. Miller contends that appellants failed to satisfy the mandate of NRAP 28(e) to provide a record on which to base the appeal. In arguing why additur was granted by the district court, appellants relied solely on an affidavit of counsel attached to the opening brief and failed to attach the transcripts of the additur hearing. Because of the deficiencies in the record, this court can only speculate as to exactly how and why the court reached its decision. Consequently, due to the deference owed to the district court concerning

an award of additur, we affirm the district court's decision. <u>See</u> <u>Lee v. Ball</u>, 121 Nev. 391, 394, 116 P.3d 64, 66 (2005) ("The district court has broad discretion in determining motions for additur, and we will not disturb the court's determination unless that discretion has been abused."); <u>Harris v. Zee</u>, 87 Nev. 309, 311, 486 P.2d 490, 491-92 (1971) (affording great deference to the trial judge "since he [or she] had the opportunity to weigh evidence and evaluate the credibility of witnesses—an opportunity foreclosed to this court.").

Accordingly, we[2]

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    William F. Buchanan, Settlement Judge
Cliff W. Marcek
Roger Steggerda & Associates, LLC
Atkin Winner & Sherrod
Eighth District Court Clerk

---

[2]Because the parties did not raise the question of whether a party requesting the additur should be able to reject the additur if it is deemed insufficient, this court does not address this issue.